BULGER and others vs. WOODS and others.

1. PRACTICE — ASSESSMENT OF DAMAGES. — Where an issue of law as to one or more counts of the declaration has been decided in favor of the plaintiff, and an issue of fact is to be tried as to other counts, the jury should be instructed to assess the plaintiffs damages as to the former counts, the cause of action therein being established by the decision on demurrer; and as to the other counts, they should find the facts and then assess the damages if any thereon. The oath to the jury should be so administered as to require the jury to dispose of the assessment of damages as well as the issue of fact.

2. TENANTS IN COMMON — ACTION BETWEEN. — As to property belonging to tenants in common, each has an equal right to its possession, and one tenant in common cannot maintain assumpsit against his cotenants for his share or interest, unless there has been a sale or destruction of the property so held in common. *Warren v. Aller*, 1 Pin., 479.

3. SPECIAL CONTRACT — PLEADING. — Where there is a cause of action depending on a special contract, the plaintiff must declare on it specially, and the proof to entitle the plaintiff to recover must support the contract as laid. A recovery in such case can be had under the common counts, only where the plaintiff fully performed the contract on his part, and nothing remains to be done by the defendant but the payment of money. *King v. Kerr, post*, 464; *Bradley and others v. Levy*, 5 Wis., 400.

ERROR to the County Court for *Iowa* County.

Assumpsit brought by *Woods, Jennings and Dunston* against *Bulger, Daley & Delaney.* The first count of the declaration was upon a special contract in substance as stated in the opinion of the court, and to this were added the common counts in indebitatus assumpsit. The defendants pleaded the general issue to the common counts and demurred to the special count. Their demurrer was overruled, and as to this count, the defendants stood on the demurrer. At the trial of the issue on the common counts, the evidence tended to show that the defendants had worked a certain range of mineral under a contract by which the plaintiffs were to have a certain share as owners of the mining right, and the owner of the land a certain other

share, and the remainder was to belong to the defendants; that a considerable quantity — from twenty to thirty thousand pounds — of lead ore had been raised by the defendants and had not been divided; that the plaintiffs, as owners of the mining right, not having received their share, this action was brought to recover for the same. There was no proof given to show that the defendants had sold the ore raised by them. The defendant's counsel moved for a nonsuit, but the court overruled the motion, and the case was submitted to the jury, sworn in the ordinary manner. The court instructed the jury that they should confine themselves to the issues joined in the case, and should not apply any of the evidence to the first count of the declaration, there being no issue joined on it; that it was taken against the defendants as confessed and it was not necessary for the plaintiffs to prove the contract, only the damages they had sustained by reason of its nonperformance; but as the plaintiffs had undertaken to prove it, the jury must find from the evidence that it has been proved as set forth in every material respect or the plaintiffs could not recover; that if the jury found from the evidence that the defendants agreed with the plaintiffs to wash and clean the mineral at a stipulated price per thousand, and the mineral dirt was delivered into their possession for that purpose by the plaintiffs, the defendants were bound to account to the plaintiffs for their share of the mineral, and upon demand and refusal the plaintiffs can recover in this form of action on the general counts in the declaration. Instructions noticed in the opinion of the court were asked by defendants' counsel and refused. The plaintiffs had a verdict and judgment, and the defendants brought error.

*M. M. Cothren* and *J. H. Knowlton*, for plaintiffs in error, contended that a venire *tam quam* should have been awarded, or the jury should have been sworn to assess the damages of the plaintiffs on the first count of the declaration as well as to try the issues on the common counts, and they cited 1 Bur. Law Dic., 965, Tit. *Tam Quam;* 2 Tidd Pr., 789, 722; 2 Bur.

Pr. 199, 200, 255, 256 ; 3 Cow., 62, note a ; 19 Johns., 311 ; that the court erred in its charge to the jury and in refusing instructions asked.

*Chas. & F. J. Dunn,* for defendants in error.

KNOWLTON, J. This was an action of assumpsit brought by the defendants in error against the plaintiffs in error in the county court of Iowa county.

The cause of action was based upon a contract alleged to have been made between the parties whereby the defendants below were to work a certain range of mineral, and of the mineral raised the plaintiffs were to have a fractional proportion, the defendants a part and the owner of the ground (not a party to the record) a portion. The evidence adduced upon the trial was more or less applicable to this state of the case. The defendants demurred to the first count of the declaration which was special and pleaded issuably to the others, which were common counts. The court overruled the demurrer. The defendants stood by the demurrer. The issue of fact was afterwards tried by a jury. A verdict was given by the jury in favor of the plaintiffs under the instructions given by the court. The defendants moved to set aside the verdict and grant a new trial, which motion was overruled by the court. The defendants excepted to this decision. Judgment was rendered upon the verdict. Various exceptions were taken by the defendants to the ruling of the court during the progress of the trial, which were preserved by bill of exceptions. The defendants removed the case to this court by writ of error. Nine errors were assigned. A few of these will be considered.

Where there is an issue of law as to some counts decided in favor of the plaintiff, and issues of fact remaining to be disposed of as to the other counts, the jury should be instructed to assess the amount of damages sustained and proved by the plaintiff, as to the cause of action set forth in the counts demurred to, without *finding the facts* therein alleged as the basis

of recovery. These are admitted by the demurrer. And, as to the other counts, they should find the *facts* first, and then assess the damages thereon. The oath administered to the jury should be so varied as to impose upon that body the obligation to dispose of the whole case as above indicated. This is, in technical language, a *tam quam* proceeding. This rule of law was not observed in the case before us. In this there is error.

Among other things, the defendants, by their counsel, asked the court to instruct the jury as follows, to wit: "If, from the evidence, you believe that the plaintiffs owned a part, the defendants a part, and the landlord a part of the lead ore in controversy ; or, if you believe that the plaintiffs and defendants each owned a part, then you must find for the defendants, as one joint tenant, coparcener or tenant in common, cannot maintain an action *ex contractu* against his coparcener or cotenant." This, as a general proposition, is sound law, and we see nothing in the case to warrant the court in refusing, as it did, to give the instruction as asked. We hold this refusal to be error.

The next instruction asked by the defendants was as follows: "Unless you are satisfied, from the evidence, that the lead ore for which suit is brought was sold by the defendants, or actually converted to their use, you must find for the defendants ; for, if the lead ore was owned by plaintiffs and defendants, or by plaintiffs, defendants and the landlord, the possession of one of the owners was the possession of all ; and this form of action cannot be maintained in any case by one part owner against another joint owner, unless there has been a positive sale or conversion of the property jointly owned." This instruction was refused. The principles of law involved in this instruction are correct, and familiar to every lawyer, and we think were legitimately applicable to the facts developed in the case. This refusal was also an error.

Another instruction asked by the defendants and refused by

the court was this: " If you find from the evidence that there was a contract between the plaintiffs and defendants relative to the subject matter in controversy, that contract will control the case, and the plaintiffs are in law bound to declare specially on this contract, and prove the same precisely as laid in the declaration, so far as the terms of the contract are concerned; and if the proof does not come up to this rule, you must find for the defendants. The least variance is fatal to the plaintiffs, unless you also find that the contract so made has been fully performed by them. In that case, the plaintiffs may recover on the general counts and need not declare specially on the contract. If, however, you find from the evidence, that the plaintiffs have failed to prove a complete performance of such contract, they cannot recover under any general count, and as to such general counts, your verdict will be in favor of the defendants. And, when a special contract has been made by the parties, neither party can resort to general counts, except in cases where nothing remains to be done by the other party save the payment of money in consideration of what the party plaintiff has done for the party defendant. We are clearly of opinion that this instruction contains, in succinct form, correct law applicable to this case as presented to the jury. The refusal to give this in charge to the jury was error beyond all question.

The instructions given being directly contrary to those above mentioned must, of consequence, be considered erroneous, and the judgment must be reversed.

Judgment reversed.