## KING and another vs. KERR.

1. SPECIAL CONTRACT — PLEADING. — Where a special contract is to be performed by the defendant in the action in some other way than by the payment of money, the plaintiff must declare on it specially; but

if it can only be performed on the part of the defendant by the payment of money, and has been completely performed by the plaintiff, he can maintain indebitatus assumpsit to recover the money. *Bulger et al. v. Woods et al., ante,* 460.

2. SAME. — Where the plaintiff made a special contract with the defendants by which he was to haul goods for them, and for which they were to pay a specified sum in goods out of their store, and he had performed on his part and demanded his pay: *Held,* that in an action to recover his pay he must declare specially on the contract, and that a count merely alleging an indebtedness in divers goods, wares, etc., to the amount claimed, to be paid out of the defendant's store, and nonpayment, could not be maintained.

(4 Chand., 159.)

ERROR to the Circuit Court for *Rock* County.

The case is stated in the opinion of the court.

*Smith, Parker & Jordan,* for plaintiffs in error, cited 2 Hill, 603; 7 id., 388; 1 Bibb, 595; 2 Munf., 344; 3 Mon., 405; 10 Ala., 330; 1 Barb., 165; 2 Chitty's Plead., 38; *Whiting v. Sullivan,* 7 Mass., 107; *Worthen v. Stevens,* 4 id., 449; 2 Denio, 145; 13 Wend., 287; 1 Chitty's Plead., 329, 339, 340; 1 Saund., 33; 21 Pick., 318.

*J. R. Bennett,* for defendant in error, cited 22 Wend., 576–585; 7 Vt., 223; Laws on Plead., 5; 5 Ohio, 349; 10 Mass., 287; 7 id., 329; 1 Chitty's Plead., 346; 5 Barn. & C., 628; 6 id., 385; 4 Barn. & Ald., 268.

WHITON, C. J. This case was brought into the circuit court for Rock county, by a writ of *certiorari* to a justice of the peace. By the return of the justice to the writ, it appears that the defendant in error commenced an action of assumpsit before him against the plaintiffs in error, and declared against them in one count for the carriage and transportation of goods generally. The declaration also contained another count, which is in substance as follows: "Also for that, on etc., at etc., the said defendants were indebted to the plaintiff in divers goods, wares and merchandise, to wit: goods and chattels, wares and merchandise, of the value of fifteen dollars, to be paid to the

plaintiff out of the store of the defendants, for other work and labor, care and diligence of the said plaintiff, before that time, done, performed and bestowed by the plaintiff and his servants, and with horses, carts and carriages, in and about the carrying and transportation of divers other goods for the defendants, at their special request, etc."

The breach assigned was that the defendants, though often requested, had not paid the goods. The defendants pleaded the general issue, and a special plea. It appeared from the testimony returned by the justice, that the plaintiff proved the hauling of some goods for the defendants, for which they agreed to pay him fifteen dollars and thirty cents in goods, the agreement having been made before the goods were hauled. The plaintiff proved further that he demanded the goods of the defendants at their store, and that they refused to deliver them. Having proved these facts, he rested his case. The defendants then moved for a nonsuit, for the reason that the plaintiff should have declared specially on the contract. The justice sustained the motion, and gave a judgment against the plaintiff. This judgment was reversed by the circuit court.

The question involved in this case is one of pleading merely. The testimony established the fact that the parties had made a special contract, by which the plaintiff had agreed to haul goods for the defendants, and they had agreed to pay a specified sum for the hauling, in goods out of their store; that the contract had been performed by the plaintiff; that he had demanded the goods of the defendants, and that they had refused to deliver them. Upon these facts, there can be no doubt of the liability of the defendants. The only questions are, whether general indebitatus assumpsit will lie, and if not, whether the second count, which alleges an indebtedness in chattels, can be sustained. The authorities are almost unanimous in support of the proposition, that where a special contract is to be performed by the defendant in the action, in some other way than by the payment of money, the plaintiff must declare upon it

specially. The counsel for the defendant in error have been able to find but two cases in which the contrary doctrine has been held : *Clark v. Fairchild*, 22 Wend., 576, and 7 Vt., 223. These decisions, however respectable the courts may be which pronounced them, can not control the multitude of cases in which the contrary doctrine has been maintained.

It is true, that however special the contract may be, if it can only be performed on the part of the defendant by the payment of money, and has been completely performed by the plaintiff, he can maintain an action of general indebitatus assumpsit to recover the money.

But between such a case, and one where the defendant has agreed to perform in some other way than by the payment of money, there is this difference; that in one case the obligation of the defendant to pay the money, and the right of the plaintiff to sue for and recover it, result directly from the performance of the contract by the latter; and in the other, from the performance of the contract by the plaintiff, and a refusal by the defendant to perform on his part. In the case before us, the right of the plaintiff to sue was not complete when he had performed the contract on his part by hauling the goods. Something more was necessary : a demand of the goods which the defendants had agreed to pay, and a refusal by them to deliver the goods, were indispensable.

The other count I deemed sufficient to enable the plaintiff to recover, because I thought the averment that the defendants were indebted to the plaintiffs in chattels for hauling the goods, and had refused to deliver the chattels when requested, relieved it from the objections to the first count, and because I found this mode of declaring authorized by two English cases, cited at the argument here. *Earl of Falmonth v. Penrose*, 6 Barn. & Cress., 385 ; 4 Barn. & Adol., 268.

The late editions of Chitty's pleadings also contain a form for this mode of declaring, founded on the authority of those cases. 2 Chitty's Plead., 38. But no American authority has

been found authorizing this mode of declaring, and we are of opinion that it would be unwise to permit so great a departure from the ordinary declaration.

Judgment reversed.