‘CASSADY v. SEELEY.

| 69 | 509 |
|----|-----|
| 98 | 318 |
| 98 | 407 |
| 69 | 509 |
| 123 | 248 |
| 69 | 509 |
| 124 | 63 |
| 69 | 509 |
| 139 | 303 |

1. **Real Estate Broker:** WHEN ENTITLED TO COMPENSATION. If an agent or broker is employed to sell property at a stated price, and he finds a customer who is able and willing to take the property at that price and upon the stated terms, he is entitled to compensation, whether a sale is effected or not; or, if the undertaking is simply to find a customer, the broker will be entitled to compensation if he furnishes a customer who is ready and willing to buy, and to whom the principal makes a sale. See opinion for authorities.

*Appeal from Lyon Circuit Court*

TUESDAY, OCTOBER 12.

THE petition states that the defendant placed his farm in plaintiff's hands for sale, and that he sold it, and that his services were reasonably worth $165, for which amount judgment was asked. The defendant pleaded a general denial. Trial by jury, judgment for the defendant, and plaintiff appeals.

*Van Wagenen & McMillan*, for appellant.

*J. M. Parsons*, for appellee.

SEEVERS, J.—There was evidence tending to sustain the allegations of the petition, and in the third paragraph of the charge the jury, in substance, were instructed that if the defendant placed the farm in plaintiff's hands for sale, and he provided a purchaser and made the sale, he was entitled to recover; and the fourth and fifth paragraphs of the charge are as follows:

"(4) If, upon the other hand, you should find that this defendant used such language that he, the defendant, would sell the land, and told this plaintiff to bring him, the defendant, a purchaser for his farm, that, if you so find, would not

amount to an authority to sell the farm; and if you so find, then the plaintiff is not entitled to recover.

"(5) You are further instructed that if you find there was no relation of agent and principal existing between this plaintiff and defendant, and you further find that said purchaser was brought through the effort of this plaintiff, then the plaintiff is entitled to recover."

We think these instructions are contradictory, and well calculated to confuse the jury. Taking both together, it is difficult to understand the legal propositions intended to be stated. This is particularly so as to the fourth paragraph, and, if we understand its meaning, the rule announced is erroneous. We understand the law to be that if an agent or broker is employed to sell property at a stated price, and he finds a customer who is able and willing to take the property at that price, and upon the stated terms, he is entitled to compensation, whether a sale is effected or not. *McGavock v. Woodlief*, 20 How., 221; *McArthur v. Slauson*, 53 Wis., 41; S. C., 9 N. W. Rep., 784. Or, if the undertaking is to simply find a customer, the broker will be entitled to compensation if he furnishes a purchaser who is ready and willing to buy, and to whom the principal makes a sale. *Iselin v. Griffith*, 62 Iowa, 668.

Now, we understand the fourth paragraph of the charge to mean that the plaintiff is not entitled to recover if he, at the request of the defendant, brought him a customer to whom the defendant made a sale. This, under the evidence, must be what the court meant, or the instruction is meaningless, and not applicable to the evidence; and we think it is erroneous and prejudicial.

REVERSED.