### Charles Buhl v. S. D. Noe.

1. REAL ESTATE AGENT—*When Entitled to His Commission.*—When the owner contracts with a broker to sell his property upon a commission, no price being fixed, and the broker produces a buyer with whom the owner negotiates and finally a sale is effected, the broker is entitled to his commission.

2. REAL ESTATE AGENT—*When Not Entitled to His Commission.*—When the owner contracts with a broker to sell his property upon a commission, a price being fixed, and the broker fails to produce a buyer, and the owner, in order to effect a sale, is compelled to negotiate with an adjoining owner and sell in connection with such adjoining owner at a reduced price, the broker is not entitled to his commission.

**Memorandum.**—Assumpsit for broker's commissions. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed November 4, 1893.

The opinion states the case.

CALHOUN, STEELY & JONES and W. R. LAWRENCE, attorneys for appellant.

Salmans & Draper, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court.

The plaintiff below recovered a judgment for $375 for commissions on the sale of real estate, from which defendant prosecuted an appeal to this court.

The declaration as originally filed contained a single count in *indebitatus assumpsit* for commissions on the sale of a certain parcel of ground situate, etc.

After a verdict and pending motion for new trial, the plaintiff obtained leave to file an amended declaration, in which it was alleged that the plaintiff was a real estate broker in Danville; that he entered into an agreement with the defendant to sell the property for him upon a commission of 5 per cent on the first $1,000 and 2½ per cent on the residue; that by the contract the plaintiff was to plat the property at his own expense and to send the plat with a sealed bid to the U. S. Treasury Department at Washington; that the price to be asked was $15,000, and that the plaintiff did make the plat and send it with the bid to said department; that the agent of the government came to Danville and that the plaintiff opened negotiations for sale, and while said negotiations were pending, defendant offered the premises at a less price, to wit, $14,000, which was by the government accepted and the sale made at that price, whereby the defendant became liable for the commissions at the rate above alleged.

It is urged that the court erred in permitting the declaration to be amended after verdict. The practice act, Sec. 24, is authority for such permission and it does not appear that the rights of the defendant were unduly prejudiced by the amendment. It was clear that the evidence offered by plaintiff did not support the original count, but it was not objected to on that ground and it was therefore proper to allow an amendment.

A more important and difficult question is whether the evidence supported the new count, and whether the facts proved entitled the plaintiff to recover.

It appears that the government had asked for sealed bids for a lot of ground in the city of Danville, on which a public building might be erected, and that the plaintiff proposed to the defendant to offer a lot belonging to the latter. The matter was discussed somewhat and, as the plaintiff states, the defendant finally authorized him to plat the ground and offer it for $15,000, and was to pay commissions at the rate specified in case of a sale at that price. The government agent visited Danville not long afterward, and the plaintiff learning he was there, called on him and showed him the property.

It appears that the lot was not of sufficient size, and that in order to meet the requirements of the government, the defendant made an arrangement with the owner of adjoining property by which the necessary quantity was obtained, and the defendant received $14,000 for his property under such arrangement.

In making this arrangement the defendant allied himself with another real estate agent, and it is quite probable he was compelled to do so in order to get his property into the deal, and in so doing he wholly ignored the plaintiff. Thus it seems that all the plaintiff did was to plat and offer the property at a price which was not obtained, and presumably was not obtainable, and that the property could not have been sold to the government at any price without the parcel of adjoining property, which was necessary to make up the amount of ground required. If the plaintiff's contract was to sell the property at the price fixed, $15,000, then he could claim his commissions only in the event of such a sale, or in the event that having produced a buyer able and willing to buy at that price, the defendant, knowing the fact, sold the property at a lower price. Such action of the owner, knowing the facts, would be a waiver of the condition as to price, and would entitle the agent to his commissions. McArthur v. Slawson, 53 Wis. 41.

It is possible the government would have paid $15,000 for the defendant's property had it been of the proper quantity; but the evidence is quite satisfactory that, without the ad-

joining strip, it would not have taken it at any price, and there is no proof that in any event it would have paid that sum for it.

The court gave the following instructions, at the instance of the plaintiff:

" 3. The court instructs the jury that where the owner of real estate puts the same in the hands of an agent to sell on commission, and the agent brings the owner and purchaser together, and they then continue the negotiations and consummate the sale, the agent is entitled to his commission, even though the owner, in order to make the trade, agreed with the purchaser to take a less sum than was at first given to the agent.

4. The law requires the owner of land to deal fairly and honestly and in good faith with an agent in whose hands he has placed his real estate for sale; he will not be permitted to dismiss or discharge his agent after a purchaser is found and negotiations are put on foot, and then conclude the trade himself and escape the payment of commission.

5. In weighing the evidence, you have a right to consider all the facts and circumstances in evidence in this case, and the demeanor of the witnesses and their appearance while testifying, their means of knowledge, and the reasonableness of their stories, or the unreasonableness of the same; and if, after hearing all the evidence, you can say you believe, from a preponderance of the evidence, that the defendant put his real estate into the hands of the plaintiff for sale, and that the plaintiff brought the purchaser and defendant together, and that as a result the defendant sold the real estate in question to the buyer with whom plaintiff had started negotiations, then and in that case your verdict should be for the plaintiff for whatever amount you may find due him, according to the contract between them, if you find there was such contract."

These instructions all ignore the fact that the contract required the plaintiff to produce a buyer able and willing to pay the price fixed, $15,000; or at least they assume that it was not important that the purchaser was able and willing

to buy at that price, and that if a sale resulted, no matter on what terms, the plaintiff was, under the contract, entitled to his commissions.

For the sake of selling at that price the defendant might have been willing to pay the commissions; but if he had to sell at a less-sum, or not at all, he might have preferred not to sell, if he would have to pay commissions on the lower and only obtainable sum.

As applied to the case made by the proof, these instructions were calculated to mislead the jury. They ignored the fact that the defendant was compelled to ally himself with the owner of the adjoining property in order to effect a sale of his, even at the price of $1,000 less than that fixed by the contract. Having such a contract, it was necessary for the plaintiff to show that after he had produced a buyer able and willing to take the property at the price fixed, the defendant, knowing the fact, voluntarily sold the property at a lower price. When the owner contracts with a broker to sell his property upon a commission, no price being fixed, and the broker produces a buyer with whom the owner negotiates, and finally a sale is effected, the broker is entitled to his commission; but such we do not understand was the case here, and it was error to so assume in the instructions. It may be insisted that it was not incumbent on the plaintiff to find a purchaser able and willing to pay the fixed price of $15,000 for the property, but we think the case as made by the proof is such that the court could not properly so assume, as it did, in the instructions above quoted.

The judgment will be reversed and the cause remanded.