TIETZ, Appellant, vs. TIETZ, Respondent.

*March 8 — April 3, 1895.*

*Written contract: Recovery on implied assumpsit: Cross-examination·
of plaintiff: Contract made part of his case: Evidence of prior
negotiations.*

1. No action upon an implied contract for board, lodging, etc., fur-
nished defendant's minor son could be maintained where a writ-
ten agreement between the parties covering the entire subject
matter remained in force and unperformed.

2. In such an action the existence of the written agreement might be·
shown by cross-examination of the plaintiff, and when he had
identified it it became a part of his case and a nonsuit was prop-·
erly granted.

3. Prior negotiations or communications on the subject of a written
contract are merged in it, so that evidence of them is incompetent.

APPEAL from a judgment of the circuit court for Wau-
paca county: CHARLES M. WEBB, Circuit Judge. *Affirmed.*

The plaintiff brought an action against the defendant to·
recover what it was reasonably worth for boarding, lodging,
and medical attendance of the defendant's minor son for
four years and ten months, alleging that the same was rea-
sonably worth $8 a month,— in all, $464. The defendant
alleged that the plaintiff took defendant's minor son to live
with him under a special contract, under seal, between the
parties, made May 17, 1887, and that such contract remained
open and unperformed.

Upon cross-examination of the plaintiff, he testified that
there was such an agreement between the parties, and iden-
tified it, and said that it was the only written contract on
the subject, and that there was no subsequent oral agree-
ment between them. The written agreement was then of-
fered in evidence by the defendant, and received. Evidence
was offered by the plaintiff as to what took place between
the parties on the subject before the agreement was exe--

cuted, but was excluded.   The written agreement was quite
elaborate, and under it, among other things, the plaintiff
was to provide for and educate defendant's said son, and to
have his care and custody until he should arrive at the age of
twenty-one years, when the plaintiff was to pay him $200
for his services; but, if the plaintiff's wife should die before
he arrived at the age of fifteen years, then said minor was
to be returned to the defendant, his father, without any cost,
charge, or expense to him for care, custody, and education,
and the plaintiff was, in such event, to make certain pay-
ments to the defendant.   Differences arose between the par-
ties, in consequence of which the defendant took his minor
son into his own charge and custody, about March 14, 1892,
and before he had attained the age of twenty-one years.

At the close of plaintiff's case the court gave judgment
of nonsuit against him, from which he appealed.

The cause was submitted for the appellant on the brief of
*Goldberg & Hoxie,* and for the respondent on that of *Gerrit
T. Thorn.*

PINNEY, J.   1. It clearly appears from the plaintiff's case
that there was an existing written contract between the
parties, covering the entire subject matter in question be-
tween them, and that its provisions had not been performed.
The plaintiff was to have the services of the defendant's
minor son until he arrived at the age of twenty-one years,
for his care, boarding, lodging, etc., upon the payment only
of the small money consideration stated.   The plaintiff could
not maintain an action against the defendant as upon an im-
plied assumpsit for the board, lodging, and medical attend-
ance sued for, but was confined to what remedy he might
have upon the special written contract, which remained un-
performed.   It is very well settled that, when a written or
express agreement between the parties remains in force and
unperformed, a resort to an implied contract cannot be

allowed. *Baxter v. Payne*, 1 Pin. 501; *Bulger v. Woods*, 3 Pin. 460; *King v. Kerr*, 3 Pin. 464; *Maynard v. Tidball*, 2 Wis. 34; *Bradley v. Levy*, 5 Wis. 400.

2. The plaintiff's objection that it was error to receive the written agreement in evidence before the plaintiff had rested his case and the defendant had entered upon his defense is not tenable. It was competent for the defendant to show by cross-examination of the plaintiff that there was a written contract between the parties in respect to the subject matter of his demand, and, when the plaintiff had identified the contract, it properly became a part of his cross-examination and part of his case. The objection to the exclusion of evidence to show what took place between the parties on the subject of the contract prior to its execution was not well taken. All prior negotiations or communications between the parties were merged in the written contract.

The plaintiff was rightly nonsuited.

*By the Court.*— The judgment of the circuit court is affirmed.