R. H. BROWN v. D. L. WILSON, Appellant.

**Land Sale Commission.** One who was employed to effect an exchange of property, complies with the contract by procuring a person with whom a contract of exchange is made, and who is able and willing to make the exchange; and is entitled to commission though the sale is not, through fault of the principal, consummated.

*Appeal from Buena Vista District Court.*— HON. LOT THOMAS, Judge.

MONDAY, MAY 18, 1896.

ACTION to recover five hundred dollars, alleged to be an agreed commission for procuring a purchaser or effecting an exchange of certain real estate for other property. There was a trial by jury, and a verdict and judgment for the plaintiff for the amount claimed. Defendant appeals—*Affirmed.*

*T. D. Higgs* and *Charles D. Goldsmith* for appellant.

*A. D. Bailie* and *C. A. Irwin* for appellee.

ROTHROCK, C. J.—I. The plaintiff introduced evidence tending to show that there was an oral contract made between the parties, as alleged in the petition, and that he had performed his undertaking by procuring a contract exchanging the defendant's property for land in the state of Tennessee. At the close of the introduction of the evidence on the part of the plaintiff, the defendant made a motion to the court to direct a verdict for the defendant on the following grounds: (1) There is no evidence of an express contract to pay the commissions, as alleged in plaintiff's

petition. (2) There is a failure of the evidence, for that there is no evidence that the proposed purchaser procured by Brown, the plaintiff, was able and willing and ready to perform the contract of purchase on his part. (3) There is a failure of the evidence, on the ground that there is no evidence whatever to prove, or that tends to prove, that any sale has ever been completed by the parties. This motion was overruled. The defendant then introduced his evidence, and the plaintiff introduced rebutting evidence, and the cause was submitted to the jury, with the result above stated. The only error assigned with sufficient exactness to entitle the defendant to be heard in this court is the overruling of the motion to direct a verdict. It is true that errors are properly assigned as to an instruction given by the court to the jury, and to the refusal to give instructions requested by the defendant. But these last-named assignments have not been argued and will not be considered. We may say, however, in this connection, that the instructions given embrace every proper question in the case and they embody correct rules of law to be observed by the jury. There was no error in the matter of the charge to the jury.

II. The only question proper to be considered is, whether the court erred in overruling the motion to direct a verdict for the defendant. We will not review the testimony of the witnesses. It is enough to say that the evidence fully warranted the jury in finding that the parties entered into the contract, as alleged in the petition, and that the plaintiff complied with the same by procuring a person with whom a contract of exchange of property was made, and that the person so procured was able and willing to carry out the provisions of said contract. The court instructed the jury, in substance, that, under such a state of facts, there should be a verdict for the plaintiff. In *Cassady*

*v. Seeley*, 69 Iowa, 509 (29 N. W. Rep. 432), it is said: "We understand the law to be that, if an agent or broker is employed to sell property at a stated price, and he finds a customer who is able and willing to take the property at that price, and upon the stated terms, he is entitled to compensation, whether a sale is effected or not." The evidence in this case tends strongly to show that the plaintiff fully complied with his contract, and if the exchange of property was not completed, it was by reason of the fault of defendant. The judgment of the district court is AFFIRMED.