AMES and another, Appellants, vs. LAMONT, Respondent.

*September 25 — October 12, 1900.*

*Real-estate agents: Contracts: Performance: Breach: Consideration.*

1. The fact that plaintiffs, who had been employed by defendant as agents to sell his farm under an agreement that they should have as commissions whatever a purchaser would pay over $10,000, offered the farm for a greater sum to N., who promised to examine it and make an offer, and to deal only with plaintiffs, but purchased it from defendant for $10,000 after plaintiffs had notified defendant of the name of the expected purchaser and the amount asked, does not show performance of an express contract of employment, since performance of such contract consists in providing a purchaser ready, able, and willing to pay the price fixed.

2. There being no evidence in such case that defendant, after such notification, did any act, inconsistent with the utmost good faith towards plaintiffs, to deter N. from purchasing at the price named by the agents, or suggested the possibility of acceptance of a less price, and the only evidence offered as to the transaction between defendant and N. being that ultimately sale was made for $10,000, no right to recover damages founded on defendant's breach of the contract was established.

3. The fact that plaintiffs' services were rendered on the faith of the express promise to pay therefor only the excess obtained over $10,000 excludes any inference or implication of a different understanding by them or promise by defendant; and they cannot recover upon an implied contract to pay the reasonable value of their services in finding a purchaser.

4. Evidence that plaintiffs reported to defendant that they had offered the farm to N. at $45 an acre (a larger price than $10,000 for the whole); that he thereupon replied "All right, I will ask him [N.] $45 an acre for the farm;" that the principal thereafter sold the farm to N. for $10,000; and that such reply was made after all the services for which plaintiffs sued had been rendered, is *held* insufficient to show any consideration for defendant's promise that he would ask N. $45 per acre for the farm.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The evidence tended to prove that the defendant employed plaintiffs, real-estate agents, to find a purchaser for his farm of about 230 acres, containing 218 acres within fences, exclusive of highways and railroad, and agreed to give them as commission whatever any purchaser found by them would pay for the farm over and above the sum of $10,000, no exclusive authority being given, nor express restriction placed on defendant's right to sell meanwhile; that plaintiffs incurred some expense and labor in seeking purchaser; that the farm was offered at the price of $45 per acre for 230 acres to one Nesbit, who promised to examine it, and was then to make his offer, and who promised that he would deal through the plaintiffs. Plaintiffs thereupon notified the defendant that they had got a purchaser for the farm, nam-

ing him, and stating the price asked, and the defendant responded, " All right, I will ask him $45 an acre for the farm." Two or three weeks afterwards the plaintiffs learned that the defendant had closed a bargain with Nesbit at $10,000, whereupon they demanded and he refused to pay any commission. ,Plaintiffs' services were reasonably worth $350. At the close of plaintiffs' evidence the court entered a judgment of nonsuit, from which they appealed.

For the appellants there was a brief by *Tenney, Hall & Tenney*, and oral argument by *F. W. Hall*.

*G. S. Martin*, for the respondent.

DODGE, J. The case of *McArthur v. Slauson*, 53 Wis. 41, is conclusive against any recovery by plaintiffs founded upon performance of the express contract of employment; for no evidence is offered that their alleged customer was ever ready or willing to pay any price in excess of $10,000. The utmost extent of that evidence is that he was willing to take the farm into consideration, and, as the plaintiff *Ames* testifies, " was then to make his offer." Performance of the contract consists in producing a purchaser ready, able, and willing to pay the price fixed. *McArthur v. Slauson, supra*. Nor have plaintiffs established a right to recovery in damages founded on defendant's breach of the contract. It may well be that, when a real-estate agent produces a customer ready to consider the property and notifies the owner, the latter owes a duty in good faith to endeavor to hold the purchaser up to the price nominated, and to refrain from any act to deter him therefrom, or, while still considering, to suggest possibility of acceptance of a less price. There is, however, no scintilla of evidence of any such conduct on defendant's part. Plaintiffs did not attempt to offer any proof of the transaction between Nesbit and defendant except that ultimately sale was made at $10,000. This fact is in no wise inconsistent with the utmost good faith and

diligence on defendant's part to obtain the price named, until it was definitely ascertained and determined that Nesbit would not pay it nor any price above $10,000.

Appellants, however, seek to avoid the rule of *McArthur v. Slauson, supra,* by abandoning the express contract to pay only excess over $10,000, and suing upon an implied contract to pay the reasonable value of their services in finding any purchaser. They invoke the elementary rule that he who knowingly avails himself of the benefits of another's services is presumed by the law to have intended to pay for them their reasonable value, and a promise so to do is implied. This rule is, however, restricted by limitations as elementary as itself, such as that the services must have been rendered and received under circumstances to warrant the inference of expectation and intention of payment. If there is an express agreement to which such services may be ascribed, the expectation of payment is presumptively according to the terms expressed. An express agreement to pay one dollar per day for certain services excludes any implication of promise to pay fair value, whether more or less. In the case before us the plaintiffs' services were obviously rendered on the faith of the express promise to pay therefor only the excess obtained over $10,000. This fact wholly excludes any inference or implication of a different understanding by them or promise by defendant. In the presence of the express, there is no room for an implied promise. *Tietz v. Tietz,* 90 Wis. 66.

Appellants urge also that the complaint sets forth another promise made by defendant, namely, that he would ask Nesbit $45 per acre for his land. They claim recovery for breach thereof. The consideration for any such promise is not very obvious, since it was made after all of plaintiffs' services had been rendered. Apart from that objection, however, no breach of such promise is alleged or proved. As previously pointed out, defendant may have demanded

that price most persistently. Plaintiffs have not gone far enough with their proofs to warrant recovery on this theory, even if it could be entertained under their complaint.

The circuit court rightly decided that no cause of action had been established, and properly ordered nonsuit.

*By the Court.*— Judgment affirmed.

CASSODAY, C. J., took no part.