MARY C. RYAN, Appellee, v. JAMES W. PAGE, Appellant.

**Commissions for Sale of Land:** SERVICE OF AGENT: DIRECTION OF VERDICT. Where a real estate agent does not claim to have furnished a purchaser for defendant's land at the price agreed upon, and the terms of the agent's employment are in dispute, as well as the extent of his service, it is error to direct a verdict for plaintiff.

*Appeal from Clark District Court.*—HON. R. L. PARRISH, Judge.

TUESDAY, MARCH 8, 1904.

ACTION at law by plaintiff, as the assignee of John H. Ryan, to recover commissions alleged to be earned in the sale of certain real estate. There was a directed verdict for plaintiff, and judgment entered accordingly. Defendant appeals.—*Reversed.*

*Temple, Hardinger & Temple* for appellant.

*Stivers & Slaymaker* for appellee.

WEAVER, J.—The petition alleges that defendant entered into an oral contract with plaintiff's assignor, Ryan,

by the terms of which defendant agreed to pay the said Ryan the sum of $120 if the latter would procure and furnish a customer to whom defendant could sell his farm. It is further alleged that such service was in fact performed, that the promised commission has never been paid, and that the claim therefor has been assigned to plaintiff. The defendant denies the petition generally.

The petition does not set out the terms on which Ryan was authorized, if at all, to make the sale or find a purchaser; but Ryan, as a witness, proceeds to testify that his agreement was to find a purchaser at $37.50 per acre. A sale was made by defendant to one Hutchison at $37 per acre. Ryan claims to have directed Hutchison to defendant, but this is denied; and for the purposes of this appeal, it is not necessary to indicate any conclusion upon this question of fact. It will be observed that the contract testified to by Ryan is not a simple undertaking on his part to furnish a purchaser to whom a sale could be made, but to furnish one ready, able, and willing to purchase at a specified price. Such a sale was not made, nor is it anywhere alleged or shown that the purchaser whom Ryan claims to have provided was able, ready, or willing to take the land on the terms named. Neither is it claimed or shown that defendant sold the land at a reduced price, with a fraudulent purpose to avoid paying a commission to Ryan. Whether, at the time of the sale, defendant had any notice or knowledge that Ryan was instrumental in finding the purchaser, is a matter of dispute in the testimony; and, without such notice, a sale made by the owner for less than the price for which the agent was authorized to sell would not entitle the agent to commissions. *McArthur v. Slauson,* 53 Wis. 41 (9 N. W. Rep. 784); *Blodgett v. R. R.,* 63 Iowa, 606. The general rule undoubtedly is that an agent with authority to sell at a stated price must produce a customer ready, able, and willing to take the property on the prescribed terms, before he can recover commissions; but, where his undertaking is simply to find a pur-

chaser, and he produces a person to whom a sale is made, then the commissions are earned. *Cassady v. Seeley,* 69 Iowa, 510.

As we have already said, plaintiff does not claim to have found a purchaser able and willing to buy at the stated price of $37.50 per acre, and whether he can recover commissions notwithstanding such failure on his part depends entirely upon circumstances which are matters of controversy in the testimony, and should have been submitted to the jury. The fact of plaintiff's employment, and the terms of such employment, if any, are in dispute between the parties, as also is the nature and extent of Ryan's services, if any, in furnishing the purchaser to whom the sale was made. In the face of such a conflict of testimony, it was error to direct a verdict.

For this error, the judgment of the district court is REVERSED.