MARY C. RYAN, Appellant, v. JAMES W. PAGE.

**Brokers:** COMMISSIONS: EVIDENCE. In an action for commission
1    for procuring a purchaser for land, where the land was purchased by one claiming to have bought on his own account, evidence tending to show that the purchaser ascertained from another that the land was for sale is admissible.

**Same:** RECOVERY OF COMMISSION. An agent who contracts to find
2    a purchaser for land within a given time and for a stated commission must comply with his contract before he can recover; and a sale by his principal to his prospective purchaser at a less price will not authorize his recovery, where it is shown that such purchaser would in no event have paid more.

*Appeal from Clarke District Court.*— HON. H. M. TOWNER, Judge.

TUESDAY, APRIL 9, 1907.

ACTION for a commission alleged to have been earned in finding a purchaser of land. Trial to jury resulted in verdict and judgment for the defendant. The plaintiff appeals.— *Affirmed.*

*Stivers & Slaymaker,* for appellant.

*Temple, Hardinger & Temple,* for appellee.

LADD, J.— This action is for a commission alleged to have been earned by plaintiff's assignor, John H. Ryan, in finding a purchaser of defendant's farm of one hundred and twenty acres. The case has been here before (123 Iowa, 246), and, on this appeal, but two errors are assigned — one

relating to the admissibility of evidence, and the other to an alleged defect in an instruction. The witnesses agreed that there was a contract of agency; the only dispute being as to whether a purchaser was to be found within " a few days " or " to-day or to-morrow " at $37.50 per acre, and whether the commission was to be $1 per acre, or mention of it was omitted. Owing to this latter difference, the petition was in two counts — one demanding compensation as agreed, and the other on a *quantum meruit*. Ryan testified that a day or two before the agreement of agency he had spoken with Hutchinson, who subsequently purchased the land of defendant, about buying it, had given him a description, and stated the price as above, and had promised to go with him to look at it, and, further, that he had informed defendant that Hutchinson was the purchaser he had in mind. Though Ryan insists that he rendered all the assistance possible in inducing Hutchinson to purchase, the latter testified that he examined the land on his own account; that Ryan had not priced the farm to him, nor had he anything to do with his going to look at it; that he had in fact told him that the land was rough, and he would not care for it. Defendants sold the property to Hutchinson at $36 per acre.

I. As bearing on the contention that Hutchinson's attention was not directed to this land by Ryan, Lochrie was allowed to testify, over objection, that the farm had been listed with him, and that about two months 1. Brokers: commissions: before the sale he had informed Hutchinson evidence. that it was for sale and tried to induce him to go and examine it. The evidence was admissible. It tended to explain how Hutchinson ascertained that the farm was for sale and came to negotiate with the defendant for its purchase and to show that this was brought about through influences other than those exerted by Ryan.

II. A purchaser was to be found within a time fixed by the parties and at a specified price, and, in order to earn

his commission, it was incumbent on the plaintiff's assignor

2. SAME: recovery of commission.

to produce a purchaser for the land within the time stipulated, who was ready, able, and willing to buy the land at the price agreed upon. The court specifically so instructed in the sixth paragraph of the charge, but it is argued that this was error for two reasons: (1) In not incorporating a clause to the effect that if defendant reduced the price with intent to avoid the commission he thereby waived the condition as to price in his agreement; and (2) that the instruction is in conflict with the third paragraph of the charge. The evidence was not such as to justify the modification suggested. Hutchinson testified that he would not have paid to exceed $37 per acre for the land, and this was not contradicted by any of the evidence introduced or circumstances proven on the trial. Now it was incumbent on the plaintiff's assignor to produce a purchaser ready, able, and willing, not only to buy, but to pay the price specified, and, unless he did so, he was not entitled to the commission; if, however, he did produce such a purchaser, and the defendant, knowing the fact, refused to sell or sold at a lesser price, then the agent was entitled to recover compensation, for he had performed fully his part of the contract. This is no more than saying that an agent for the sale of land must comply with the terms of his agency before he can be said to have earned his commission, and that, until he has complied therewith, he cannot recover. *McArthur v. Slauson*, 53 Wis. 41 (9 N. W. 784), repeatedly cited by this court with approval, is directly in point. There, according to defendant's claim, the agent was to receive a commission if he found a purchaser for certain securities at a price equal to, or greater than, the face value. Such value was $12,800, and the sale was made for $11,000. The trial court instructed the jury that if the agent informed his principal before the sale that the buyers were the men he had found to purchase the securities, and with such knowledge he sold them at less than their face value, this

would be a waiver of the stipulation as to price. This was held to be error, and it was said that the jury should have been told that, as the agent had contracted to produce a person able and willing to purchase the securities, at their face value, he must have produced such a purchaser in order to recover, and if he did so, and defendant with knowledge of the fact, sold the securities at a less sum, this would amount to a waiver on his part of the stipulation as to price in the original contract. In other words, it was a part of the contract that the purchaser should be able and willing to pay a price specified, and the finding of such a purchaser was a condition precedent to the right to recover the stipulated commission. To hold otherwise would deny to parties the right to make their own contracts, and insist upon performance according to their terms. As the evidence utterly failed to show that Ryan had produced a purchaser able and willing to pay $37.50 per acre, as stipulated in the contract of agency, the court rightly declined to incorporate the clause mentioned in the instruction.

It may be that this instruction is inconsistent with the third paragraph of the charge; but as that, under the rule as stated, was more favorable to plaintiff than it should have been, there was no prejudice.— *Affirmed.*