## MAX EFRON and Another v. JOHN A. STEES.[1]

January 13, 1911.

Nos. 16,940—(191).

**Express agreement modified by subsequent conduct of parties.**

An express agreement controls to the exclusion of an implied agreement with reference to the same subject-matter; but the rule does not apply where the implied agreement is based upon the subsequent conduct of the parties, not covered by the express contract.

**Tenant's rights as against landlord.**

In a lease of a storeroom the lessor reserved the right of entry into the basement by means of the stairway in the rear of the room. Having subsequently occupied a part of the room for the storage of goods, the lessee, or his assignee, may maintain an action for the reasonable value thereof; the lease being silent upon the subject.

Action in the municipal court of St. Paul to recover $130 for the use and occupation of a certain room. The defense set up in the answer is stated in the opinion. The action was tried before Finehout, J., who made findings and ordered judgment in favor of plaintiffs for $110. From an order denying a new trial, defendant appealed. Affirmed.

*Harold Harris,* for appellant.

*A. J. Hertz,* for respondents.

[1] Reported in 129 N. W. 374.

LEWIS, J.

After alleging that respondents were copartners, doing business under the name of Morgan & Co., and that at a certain date they were in possession as lessees of certain premises in the city of St. Paul, viz., No. 167 East Seventh street, the complaint, as amended, states: "That on the 20th day of August, 1907, the defendant had hired from the plaintiff the rear room of said premises, and that the reasonable worth and value for the use and occupation of said rear room is the sum of five dollars, and that the defendant took possession and occupied said premises until the 20th day of October, 1909." As a defense, the answer alleged that on "February 13, 1907, defendant leased to one Philip Morgan and Benjamin F. Morgan, doing business under the firm name of Morgan & Company, the storeroom on the ground floor in that certain building known and designated as No. 167 East Seventh street, in the city of St. Paul, but reserved and excepted therefrom the rear entrance into said floor in said building and the stairway to the basement thereunder, and all rights and privileges necessary to the free and uninterrupted use of said rear entrance and stairway." The answer further alleged that by mutual consent and understanding appellant used a small portion of the rear end of the stairway in common with the lessees. The court found that appellant used and occupied a portion of the rear room for a period of twenty-two months, and that the reasonable value thereof was $110, and ordered judgment for that amount.

Objection was made to the introduction of any evidence, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and upon the further ground that the occupation of the premises by the landlord, who had previously rented the same to the tenant, did not constitute a basis for an implied contract to pay rent, and that respondents had mistaken their remedy. Appellant attempts to bring the case within the rule that, when an express agreement between parties remains in force and unperformed, a resort to an implied contract cannot be allowed; citing Tietz v. Tietz, 90 Wis. 66, 62 N. W. 939. In that case the plaintiff sued for a quantum meruit, but it appeared that the subject was controlled by the terms of a special contract, and the special con-

tract controlled.   For a similar case, see Bond v. Corbett, 2 Minn. 209 (248).

Such is the general rule, but it does not apply where the provisions of the express contract are not intended to control all subsequent conduct between the parties.   The lessor acquired no more right to occupy the room in which the stairway was situated for storage purposes than to occupy the front room.   The lease makes no provision for the occupancy found to have taken place, and appellant acquired no right to occupy the rear room, or any part of it, by reason of his right of access to the basement.   That instrument furnishes no remedy for such occupancy, and hence an action will lie on the implied contract to pay the reasonable value.   In this view of the case, it is immaterial that respondents, the present occupants, are not the parties named as lessees in the lease.

Affirmed.

SIMPSON, J., took no part.