SCHNEIDER, Trustee, Appellant, vs. ALLIS-CHALMERS MANUFACTURING COMPANY, Respondent.

*April 5—May 8, 1928.*

58

The cause was submitted for the appellant on the brief of *Rix, Barney & Kuelthau* of Milwaukee, and for the respondent on that of *H. W. Story* and *Lines, Spooner & Quarles* of Milwaukee.

ESCHWEILER, J.  Plaintiff expressly asserts on this appeal that his claim to recover all or some part of the $24,400 paid

by the South Dakota company on account of the contract of January, 1920, is not founded upon rights or obligations arising out of the terms of the contract itself, but rather independently thereof; and because the defendant has received and retained a substantial sum of money, giving nothing in return, he is unjustly enriched at the expense of and to the damage of the other party to said contract.

No attack whatsoever is made by the plaintiff upon the validity or legality of the contract of January, 1920, other than the claim that the liquidated damages are grossly excessive. No claim is made that the South Dakota company was in any manner taken advantage of in being induced to enter into such contract, or that by reason of any express terms or provisions of the contract it was contrary to good morals or public policy.

By the provisions of this express contract the South Dakota company agreed as buyer to make six of the specified payments, aggregating over $48,000 and practically fifty-five per cent. of the total purchase price, by June 30, 1920, a fixed time prior to the fixed time of July 15th for commencement of the shipments or delivery of the machinery, and but three payments, aggregating a little over $24,400, were to be made after September 15th, the specified date for final shipment and delivery; and it is a fact under the pleading that less than one half of the amount specified to be paid under its terms before the first shipment commenced had been then paid.

It is now contended in effect on behalf of plaintiff that the defendant, under one of the alternative allegations or positions of the complaint, having failed to do anything on its part towards making up or completing any of the machinery, is unjustly enriched to the extent of such payments made to and retained by defendant, inasmuch as it did nothing and gave nothing in return, or, under the other alternative allegation or position, that it did make up and complete some of

said machinery and sold the same to some unknown pur-
chaser at a profit largely in excess of any damages arising
from the nonfulfilment by the South Dakota company on its
part, and thereby there was an unjust enrichment.

We can see no theory, however, upon which a written con-
tract, deliberately entered into by the parties and upon which
no attack is made as to its validity, can be so set aside and
disregarded on behalf of one admittedly in default thereun-
der and such defaulting party nevertheless be permitted to
assert an independent right to all or a part of that which was
paid under and pursuant to the terms of such contract, and
especially so when such payment, as it was here distinctly
and expressly agreed to by the parties, should be forfeited as
liquidated damages in case of just such a default as it is here
conceded existed.

We have no authorities cited to us, nor can we find any,
which would support the contention that must be upheld to
permit plaintiff to recover under this complaint, whereby a
valid and express written contract can be disregarded and set
aside by the party in default and the party thereto not in de-
fault denied the rights secured to it by such contract, either
upon the theory, chiefly relied upon by appellant, that there
arose a *quasi*-contract relationship by which defendant be-
came obligated to repay to the buyer who made the pay-
ments, as being an unlawful enrichment, an amount equal to
any excess there might be in such payments over the amount
of its possible damages for the failure of the buyer to fully
perform, and that for such, plaintiff, as the successor in right
to the buyer, has a right and an equitable remedy to recover.
Neither can we find here any situation for the application of
the law relating to implied contracts.

Under the facts shown by the contract and the com-
plaint, at no time had the defendant rescinded the contract;
breached any conditions required of it; or been placed in de-
fault; and defendant was in no wise notified that the buyer

would not eventually comply on its part, unless by the mere fact that the buyer was behind in its payments as due according to the letter of the contract. Defendant was not in duty or by contract bound to elect rescission forthwith upon the buyer's failure to make prompt payments and to keep literal compliance with its duty; and certainly defendant was not bound to make a futile tender on its part, thereby putting the buyer in any more precarious condition than it then was by its own act; nor to give immediate notice to the buyer of the buyer's own default, of which the buyer so well knew. Neither can we see any duty resting on defendant during the delay from July 15, 1920, until August, 1924, when this plaintiff became trustee for the creditors of the buyer, or from then until April, 1926, when this suit was started, to institute or invite legal proceedings in order to protect itself under a contract which, by its very provisions, did protect it, and defendant was certainly under no duty to the buyer to take any steps or legal proceedings either as to the machinery, title to which expressly remained in the seller until paid for in full, or as to the defaulted payments. The parties having lawfully and expressly contracted for just such a situation as arose, the law will make no other contract for them.

Where there is an express valid contract between parties covering the subject matter and the conditions later complained of, the law does not step in and apply a new standard to determine respective rights and liabilities under the rules governing either *quasi* or implied contracts. *Tietz v. Tietz,* 90 Wis. 66, 67, 62 N. W. 939; *Ames v. Lamont,* 107 Wis. 531, 534, 83 N. W. 780; *Appleton Waterworks Co. v. Appleton,* 132 Wis. 563, 571, 113 N. W. 44; *Wojahn v. Nat. Union Bank,* 144 Wis. 646, 666, 129 N. W. 1068; *Klebe v. U. S.* 263 U. S. 188, 192, 44 Sup. Ct. 58; 3 Page, Contracts (2d ed.) § 1438.

The subject matter of this contract was clearly such that the parties might lawfully stipulate precise sums or payments made as liquidated damages for default, as much so as in cases like *Sheffield-King M. Co. v. Jacobs,* 170 Wis. 389, 398, 175 N. W. 796, involving a sale of flour, and holding (p. 401) that even though such stipulated amounts may seem grossly disproportionate (as alleged here) to possible actual damages, that fact did not make such agreement unlawful. This rule is followed in *State ex rel. Southern C. Co. v. Circuit Court,* 187 Wis. 1, 7, 203 N. W. 923, 48 A. L. R. 894, and in *Dekowski v. Stachura,* 176 Wis. 154, 157, 185 N. W. 549, which is cited in *Dick v. Heisler,* 184 Wis. 77, 82, 198 N. W. 734. The situation here is not like that in *Minn B. Co. v. Schwab,* 179 Wis. 129, 134, 190 N. W. 836, where the amount stipulated on default was greater than that required for performance.

There arose, therefore, no duty by defendant as seller towards the buyer in this contract, outside of and independent of the contract, that should be enforced either in equity or law. The seller remained within its contract rights and duties and the buyer alone was in default.

The cases relied upon by appellant do not hold contrary to the result here reached. *Miller v. Schloss,* 218 N. Y. 400, 113 N. E. 337, discussing *quasi* or constructive contracts, expressly states (p. 406) that a contract cannot be implied by law where in fact there is an express contract, and (p. 407) that the law only finds a *quasi* or constructive contract, so designated for remedial purposes only, in the absence of an agreement and because of a breach of a duty and not of a promise. In *Efron v. Stees,* 113 Minn. 242, 129 N. W. 374, it was held that existence of a special contract excludes resort to an implied contract. In *Wellston C. Co. v. Franklin P. Co.* 57 Ohio St. 182, 48 N. E. 888, there was a wrongful termination of the contract by one party after

part performance by the other. In *Dame v. Woods,* 73 N. H. 222, 60 Atl. 744, 70 L. R. A. 133, the installing of a heating plant, performance was prevented by fire, and in *Davis v. Barrington,* 30 N. H. 517, the building of a highway, recovery for part performance in such cases is in accord with the recognized exceptions made to the general rule as to building contracts where there is substantial performance and acceptance of the work, as in *Burmeister v. Wolfgram,* 175 Wis. 506, 512, 185 N. W. 517; *Buchholz v. Rosenberg,* 163 Wis. 312, 315, 156 N. W. 946; *Foeller v. Heintz,* 137 Wis. 169, 174, 118 N. W. 543, and many cases in this court as well as elsewhere; *Jacob & Youngs, Inc. v. Kent,* 230 N. Y. 239, 129 N. E. 889, 23 A. L. R. 1429, note p. 1435, also 38 A. L. R. 1383. *Dullaghan v. Fitch,* 42 Wis. 679, cited by appellant and holding that the retention of a percentage of stipulated partial payments as the work of grading a roadbed progressed was not in the nature of liquidated damages, is not here applicable.

The demurrer to the amended complaint must be held to have been properly sustained.

*By the Court.*—Order affirmed.