FOUNTAIN L. BEATTY v. JAMES D. RUSSELL.

FILED JUNE 26, 1894.    No. 4773.

1. **Real Estate Brokers :** ACTION FOR COMMISSION: CONTRACTS. Where real estate is listed with an agent or broker for sale, the agreement being that it is to be sold for $4,800 net to the owner of the land, the broker to have and receive as compensation for making the sale any sum in excess of the $4,800 for which he can effect a sale, and he meets a party who desires to purchase the land, and informs him that it can be purchased for $4,800, and then introduces him to the owner, who completes the sale at the price above named, in an action by the broker to recover a reasonable commission, *held*, that he is not entitled to recover.

2. **Instructions.** Objections to the modification by the court of an

25

instruction requested by the plaintiff examined, and *held* that the modification was proper.

3. ———. The action of the court in giving an instruction requested by the defendant *held* not erroneous.

ERROR from the district court of Johnson county. Tried below before APPELGET, J.

*Daniel F. Osgood,* for plaintiff in error.

*S. P. Davidson, contra.*

HARRISON, J.

This case was originally instituted in the county court of Johnson county, by plaintiff, to recover a commission which he claimed due him from defendant, for effecting the sale of a piece of real estate for defendant, as his agent, and from a judgment there rendered was by appeal removed to the district court. The statement of the cause of action, in the petition filed in the district court, is as follows: "That there is due and owing to the plaintiff from the defendant the sum of $145 commission for selling land by the plaintiff for the defendant, at the defendant's request, about December 27, 1889. Said services were reasonably worth the sum of $145." To this the defendant answered as follows:

"1. Comes said defendant and, for answer to the plaintiff's petition, denies each and every allegation contained therein.

"2. As a second and further defense herein this defendant denies that he employed said plaintiff to sell the land referred to in said petition, but avers the fact to be that a firm, Greer & Beatty, composed of Geo. H. Greer and this plaintiff as partners, was employed to sell said farm upon the terms that this defendant was to receive $4,800, clear of all commission, for the land, and said Greer & Beatty were to have all over said $4,800 as their commission, and

if they sold the land for only $4,800 they were to have no commission from this defendant. This defendant avers that said land was sold for $4,800, and no more, and therefore no commission whatever is due this plaintiff.

"3. As a third defense herein defendant alleges that while not recognizing the validity of the claim of either said Greer & Beatty, or this plaintiff, for any commission for the sale of said land, but by way of compromising a disputed claim, this defendant settled said claim with said Greer & Beatty long prior to the commencement of this suit, and paid them, in pursuance of said settlement, the sum of $56, in full of said claim, said firm being represented in said settlement by said Greer, a member of said firm."

To this answer the plaintiff filed a general denial. The issues thus presented were submitted to a jury and a verdict returned for defendant, and after motion for a new trial was argued and overruled, judgment was rendered in accordance with the verdict, and plaintiff brings the case to this court by petition in error.

The manner in which the claim of plaintiff is pleaded in his petition, a perusal of his evidence in chief as given on the trial, and an examination of the law cited by his counsel in the brief filed, leads to the conclusion that he predicates his claim on the proposition that defendant, having authorized him to sell his land for him, the fact that he procured a purchaser, whom he introduced to defendant and to whom defendant, almost immediately afterwards, effected a sale of the real estate, entitled him to compensation, or a reasonable commission, and the determination of whether or not the evidence adduced in the case supports the above proposition will dispose of all the material questions presented in the case. The solution, or answer to the above query, depends mainly, if not entirely, upon the character of the contract which was entered into at the time when Mr. Russell authorized the plaintiff or the firm of

Greer & Beatty (if such a firm existed) to sell the real estate. On this subject the defendant testified as follows:

Q. Now, some time prior to the time of this sale, state whether you went to their office and in the presence of both of them gave them this land in controversy for sale; and if so, state what terms, if any, you prescribed by which they should make the sale.

Plaintiff objects; immaterial and irrelevant. Objection overruled and exception taken.

A. I went into their office some time previous to the sale of the land, and told them I had a half section in Pawnee county that was for sale, described it as well as I could as to what was there, and gave them the price and terms upon which they might sell it.

Q. Now, state what terms and price you gave them.

Plaintiff makes same objection. Same ruling and exception taken.

A. I addressed my conversation more particularly to Mr. Greer, told him that they might sell it for $4,800 to me, net; that the price was $5,000, but they might sell it for $4,800, or so it would realize me that much, after their commission was paid; and if they wanted to sell it for $4,850, I was to have the $4,800, with eight per cent interest on the deferred payments.

Q. Was Mr. Beatty present at that time?

A. Yes, sir; he sat at my left and Mr. Greer at my right.

Q. Did you ever after that, and prior to the sale, inform them that they could sell it on any other terms than you have just stated?

A. I never did.

And the testimony of Mr. Greer on this point is as follows:

Q. Well, now, Mr. Greer, tell the jury what terms, if any, Mr. Russell gave your firm upon which you could sell this farm in Pawnee county.

A. The only terms that I ever heard Mr. Russell offer

this property for were five thousand dollars, but must net him forty-eight hundred anyway. To me at least,—I am not positive what he told Mr. Beatty, but I swear positively that this was the terms that this piece of land was placed with me for sale.

Q. Do you remember of Mr. Russell coming into the office of Greer & Beatty and stating the terms on which you could sell this land to you in the presence of Mr. Beatty?

Plaintiff objects, as leading. Objection overruled and exception taken.

A. I will have to explain that a little. I cannot swear positively to any particular occasion of his coming in, but remember of his coming in often, at least a half dozen times, and saying he wanted to sell the land; expressing himself as not wanting to hold it, as it was too far away. He said we could sell it for forty-eight hundred to him and make a good commission, but it must net him forty-eight hundred.

Q. Now, was Mr. Beatty present in the office at one of the conversations?

A. Well, I am satisfied he must have been; I can't say positively; we would all talk about it, and I think he must have been present, as we often talked about it.

Q. Tell the jury whether you and Mr. Beatty have talked particularly about this piece of land and the terms at which it was offered for sale?

A. Well, I don't know whether we talked particularly about this piece any more than the whole list, but I think I spoke to Mr. Beatty about Mr. Russell being anxious to get rid of this piece of land.

Q. In that conversation state whether you spoke of the terms upon which you could sell it.

Plaintiff objects, as immaterial and irrelevant, and leading. Objection overruled and exception noted.

A. We talked of the land and what commission we would

get on different pieces, ranging from twenty-five to one hundred and fifty dollars, and this one piece of land was considered by Mr. Beatty to be worth $5,000, and that would give us a strong commission on that piece of land.

Q. What commission did you talk about?

A. Why, we talked about getting $5,000 and paying Mr. Russell $4,800.

The plaintiff does not, in his testimony, state what the contract between him or between the firm and Mr. Russell was, but he states as follows:

Q. I will ask you what you did, if anything, in regard to selling some land for Mr. Russell about December, 1889?

A. Well, I will have to go back to the beginning to get the full meaning, won't I? (Mr. Osgood: Yes.) About that time Mr. John Palmer came to me and requested me to go with him to look at an eighty acres of land near Cook. I advised Mr. Palmer not to buy an eighty; that Mr. Russell had three hundred and twenty acres near Burchard that he could buy for forty-eight hundred dollars, on any reasonable time, without paying much, if any, down. He said if he could see Mr. Russell and have a talk with him perhaps he could make a trade. We then went round to the foot of the stairs where Russell lived, over Parker's store. He stopped at the foot of the stairs and I went up and brought Mr. Russell down. I introduced Mr. Palmer to Mr. Russell and told him his business there; that he wanted to buy a farm. I then turned round and went to the post-office.    *    *    *

Q. How long had you had this land on sale?

A. I had it about, between three and four years; three years any way.

And on cross-examination states:

Q. At that time you stated to Mr. Palmer what the land could be bought for, did you?

A. I think I did, sir.

Q. What did you tell him it could be bought for?

A. Forty-eight hundred dollars.

Q. That was before Mr. Russell had seen Mr. Palmer about it at all?

A. Yes, sir.

Q. What rate of interest did you state to him that he would have to pay Mr. Russell on the deferred payments?

A. If I stated any at all, it was eight per cent. I would not be positive that I stated any.

Mr. Palmer, the party to whom the land was sold, states in his testimony that Mr. Beatty, before they met Russell, had told him that the price for the land was $4,800, and the interest on deferred payments eight per cent.

We think this testimony establishes that the contract made at the time when Russell gave authority to sell the land was that it was to net him $4,800 and the agents were to have any sum in excess of $4,800 as a commission. This view of the case destroys any claim of the agent to a commission, for the price which Beatty named as the consideration, when talking to the purchaser, Palmer, was the exact sum which the sale of the land was to net to Russell; the contract being that the commission or compensation for effecting the sale, or finding a purchaser, was to be measured by the sum received in consideration for the land in excess of $4,800, and Beatty having named to the purchaser this sum as the amount required to buy the farm, there could be and was no excess, and hence no commission. Having reached the above conclusion, it becomes unnecessary to discuss the question of whether a partnership ever existed between Beatty and Greer, which, if considered by the jury, must have been solved in favor of defendant, to arrive at the verdict which they did, and being based upon conflicting testimony and not clearly wrong, would not be disturbed; nor is it essential to determine what effect the compromise and settlement, or payment to Mr. Greer, had upon the rights of the parties to this suit.

The counsel for plaintiff in error also raises some ob-

jections to a modification which was made by the court to
an instruction asked by plaintiff.   We cannot agree with
counsel in this contention, but on the contrary. think that,
in view of the issues and evidence introduced in the case,
the modification was entirely pertinent and proper; and so
of the exceptions to the second instruction given at request
of. defendant, when considered in connection with and to
be applied to the testimony before the jury, and construed
with all the other instructions given, we fail to discover
wherein its giving was erroneous.   We are satisfied that
the.case was fairly submitted to the jury, and the judgment
of the district court was right.

AFFIRMED.