M. J. CORBEL v. H. & L. W. BEARD, Appellants.

**Land Sale Commission.** Where one procures a buyer ready and willing to take land on terms made by the owner, it is no defense that the owner, knowing this, voluntarily sells to that buyer on different terms.

**Evidence.** Statements of and acts by defendant in plaintiff's absence, looking toward a revocation of an agent's authority to sell, are not binding on plaintiff.

*Appeal from Winnesheik District Court.—*HON. W. A. HOYT, Judge.

WEDNESDAY, OCTOBER 24, 1894.

PLAINTIFF states as his cause of action that he received from defendants an offer in writing as follows:
" DECORAH, IOWA, May 10, 1892.
"*M. J. Corbel, Lourdes, Iowa.*

"DEAR SIR:—Do you mean he wants to buy the one hundred and seventy-three and one half acres lying on the north side of the road, or the one hundred and sixty the house is on, and the fifty-three and one third acres on the east end of this quarter? We will take twenty-one dollars per acre for the two hundred and thirteen and one third acres at the east end, which includes the house and barn, with payment of two thousand, five hundred dollars, or we will sell the whole north side at the same price, twenty-one dollars ($21.00), two thousand, five hundred dollars ($2,500) down, fifteen hundred dollars due in one year, and the balance on any time he wants, to be fixed in the notes, the same as yours was, as we can not get a loan on or before a certain date. We will allow you one dollar ($1) per acre commission for making the sale, and if he wants the land you had better say so quick, as there

is a Cresco party figuring on taking the rest of our land there, and is liable to accept our proposition any time.

"Yours truly,

"H. &. L. BEARD."

He alleges that he accepted said offer, and in pursuance thereof procured one Anton Jarosh to purchase three hundred and seventy-three acres of said lands upon the terms named, and received from Jarosh twenty-five dollars to bind the bargain. That on August 25, 1892, defendants accepted said purchaser, and consummated the bargain and sale to him substantially in accordance with the terms of said agreement. That any deviation in payments were made at defendants' instance, and that the said purchaser stood ready to strictly perform said agreement. That plaintiff having performed all the conditions of said agreement on his part, he asked to recover three hundred and forty-eight dollars, balance due him as commissions for making said sale. Defendants answered, admitting that they made said offer in writing, and that plaintiff accepted the same. They alleged that before the sale to Jarosh they withdrew said offer, and notified the plaintiff that they would exact twenty-one dollars per acre to themselves over and above commissions. They deny that plaintiff ever made a sale of said lands, but allege that the sale was made by them, and therefore deny that plaintiff is entitled to any commissions. They admit that they offered him fifty dollars as a gratuity, and paid him twenty-five dollars thereon, and are willing to allow twenty-five dollars more. Upon these facts the case was tried to a jury, and a verdict returned in favor of the plaintiff for three hundred and forty-eight dollars. Defendants' motion for a new trial was overruled, and judgment entered on the verdict, from which the defendants appeal.—*Affirmed.*

*L. Bullis* for appellants.

*E. R. Acers* for appellee.

GIVEN, J.—I. The court instructed that defendants had the right to withdraw the offer contained in their letter, and that, if they did so, and plaintiff was so notified by them or their agent before he made the sale he claims to have made, he can not recover under said contract for making such alleged sale. The court further instructed as follows: "(3) In order to justify a verdict for the plaintiff in this action, it must appear from the evidence before you that before any notice to plaintiff from the defendants, or on their behalf, that said defendants had withdrawn said offer as contained in said letter, the said plaintiff had produced a purchaser ready to take the land in question at the price and on the terms mentioned in said letter. (4) The letter written by defendants on May 10, 1892, by virtue of which the plaintiff claims to have made the sale, provided that two thousand, five hundred dollars of the purchase price should be paid down and one thousand, five hundred dollars within one year, and the balance on any time the purchaser might want. The sale actually consummated did not fully comply with these terms. If plaintiff, on or about August 25, 1892, brought the defendants a party who was ready and willing to take such land upon the terms mentioned in said letter, and, if a different contract was made between said defendants and said purchaser, either for the convenience of said defendants or voluntarily on their part, when they had been informed and knew that said purchaser was ready and willing to take said land upon the terms and at the price mentioned in said letter, then the fact that the contract finally made on August 25, 1892, did not fully comply with the provisions of said letter, is no

defense to this action. But if, on the other hand, the delay in the payment of said two thousand, five hundred dollars from August 25 to October 3 was because the party produced by plaintiff was not prepared sooner to pay said money, then plaintiff has not complied with said contract, and is not entitled to recover in this action." Appellant complains of the refusal to give the following instructions: "(1) By the undisputed evidence it is shown the lands in question were not sold by plaintiff upon the terms at which plaintiff, even by the terms of the contract he claims under, was authorized to sell on, and you must find for defendant." The first instruction asked was properly refused. There was evidence tending to show that plaintiff had sold lands to Anton Jarosh upon the terms authorized, and that defendants had accepted Jarosh as a purchaser. The substance of the second instruction refused is fully covered by the third given by the court, and which appellant concedes "was correct law." There was no error in refusing this instruction.

II. Defendants, in support of their allegation that they had withdrawn their offer to plaintiff, and had notified him thereof, offered to prove by the defendants that at some time in July, 1892, the defendant H. Beard started to write to plaintiff that the contract for the commission was off, and that his partner, the defendant L. W. Beard, "said that plaintiff already had notice, Cal had told him, and that defendant Beard had refrained from writing in consequence." This was correctly excluded on plaintiff's objection. Defendants could not establish their allegation by what they did and said in the absence of the plaintiff.

III. Appellants' further complaints are against the refusal of the court to set aside the verdict. It is argued that the verdict is contrary to the third instruc-

tion, but not so, we think. There is evidence tending to show that Jarosh was ready to take the land on the terms named in the letter to plaintiff. Under the evidence it was a question for the jury, and upon which they might properly find as they did. The same is true as to the question whether defendants had withdrawn their offer, and had notified plaintiff thereof. We find no error in the record. The case was very fully and fairly submitted to the jury. The verdict is supported by the evidence, and the judgment of the district court is AFFIRMED.