HURD & WILKINSON v. HOWARD NEILSON AND LOUISA J.
NEILSON, Appellants.

Land Sale Commissions: CONTRACTS.  A real estate broker is not enti-
tled to commission under an agreement to allow him all he can
obtain for property over a specified amount, where he neither
completed a sale or negotiations for a sale in compliance with
the authority conferred by the principal, although the latter made
a sale of the property to one with whom the broker had nego-
tiated.

Directing Verdict.  A motion to direct a verdict should be sustained
if, considering all the evidence, it clearly appears that it would be
the duty of the trial judge to set aside a verdict if found in favor
of the party upon whom the burden of proof rests, and against
whom the motion is directed.

*Appeal from Hamilton District Court.*—HON.  B.  P.
BIRDSALL, Judge.

⸰WEDNESDAY, JANUARY 20, 1897.

THIS is an action to recover a commission for the
sale of real estate.   There was a verdict and judg-
ment for the plaintiffs, and defendants appeal.—
*Reversed.*

*Wesley Martin* for appellants.

*Hyatt & Hyatt* for appellees.

KINNE, C. J.—Defendant, who was the owner of
three hundred and fifty-six acres in Hamilton county,
Iowa, placed the same for sale with the plaintiffs, who
were land agents residing in said county.   The
terms of sale authorized by the defendants were
embraced in a letter of date of August 18, 1894,
written by him to Hurd, one of the plaintiffs.   It was as

follows: "Dear Sir: Yours of August 13th received and noted. In regard to the amount of land that I have near Blairsburg, is 356 acres. Part of it is on section 25, and the balance on the 36th section. Land commences about 80 rods east of the station. The railroad fence is my south line. So far as that, it is pretty well located. Will sell the land at $30 per acre. Want from three to five thousand down, and a mortgage on the place for the balance; interest at 6 per cent. per annum. Will take it all down if a party wants to pay it all. Will give you all you can get over $10,000 net, as your commission for selling. That is, I want the place to net me $10,000 clear of all expenses. If you want to try and sell the place that way, go ahead. The farm is cheap as dirt. Would not sell it at all, but I am so far away that I do not have time to tend to it. Let me hear from you in the matter, and what you think about it. Very truly, Howard Neilson." Plaintiffs claim that they negotiated a sale of the land to one Mitchell for ten thousand three hundred and twenty-four dollars, and that Mitchell was to return the next day and conclude the deal, and that the defendants, knowing of said negotiations, and for the purpose of defeating their right to a commission, and in fraud of their rights, did on the following day sell the same land to Mitchell. At the conclusion of plaintiffs' evidence, defendants moved the court to take the case from the jury, and to enter a judgment in their favor, because it had not been shown that plaintiffs had found a purchaser ready, able, and willing to purchase the land upon the terms and for the price authorized by the defendants. The motion was overruled, and the action of the court is assigned as error. It is said that the court erred in refusing to give an instruction asked by the defendants, and in giving some of the instructions embraced

in the charge, and in rulings upon the admission of evidence.

The motion should have been sustained. The evidence failed to show that plaintiffs had made or negotiated a sale of the land in accordance with the authority given in the letter. Nor was there evidence to sustain the claim that the defendants had made the sale of the land to Mitchell with knowledge of the negotiations had between plaintiffs and Mitchell. The sale arranged for with Mitchell, as claimed by the plaintiffs, was for two hundred dollars cash, three thousand dollars on January 1, and the balance in cash, March 1, 1895. The authority was to sell for not less than three thousand dollars, cash, at time of sale, and the deferred payment was to be secured by a mortgage on the land, and to draw six per cent. interest. In the claimed negotiations with Mitchell by plaintiffs, no provision for securing the deferred payments was made, and there was no arrangement for the payment of interest. Mitchell never paid plaintiffs anything, and testifies he never agreed to take the land. If it be conceded, however, that, as plaintiffs claim, he did agree to take the land, it was upon terms and conditions other than those embraced in the letter of defendant, and therefore such a sale by the agent would not be binding upon the defendants. Having failed to show either a completed sale or negotiations for a sale, in compliance with the authority conferred upon them, plaintiffs were not entitled to recover, and the motion should have been sustained. When a motion is made to direct a verdict, it should be sustained if, considering all of the evidence, it clearly appears that it would be the duty of the trial judge to set aside a verdict if found in favor of the party upon whom the burden of proof rests. *Meyer v. Houck,* 85 Iowa, 319 (52 N. W. Rep. 235); *Beckman v. Coal Company,* 90 Iowa,

255 (57 N. W. Rep. 889).  It seems to us there was a clear failure to establish such a state of facts as would authorize a recovery by plaintiffs.

In this view of the case we need not consider at length the other errors assigned.  In so far as the instructions given were not in harmony with our holding, they were incorrect.  The instructions asked by the defendants should have been given, if the case was submitted to the jury; but, as we have indicated, there was nothing to submit to the jury.  For the errors pointed out, the judgment is REVERSED.