L. E. PARK, Appellant, v. JESSIE E. HOGLE *et al.*, Appellees.

**Sale of land:** COMMISSIONS: EVIDENCE. To entitle a real estate agent to his commission for a sale of land, he must show that he produced a purchaser able, ready, and willing to buy on the conditions prescribed by the proprietor. Evidence held insufficient to authorize a recovery.

*Appeal from Blackhawk District Court.*— HON. A. S. BLAIR, Judge.

WEDNESDAY, APRIL 13, 1904.

THE petition is in two counts. In the first, plaintiff claims the sum of one hundred and twenty-six dollars and forty-six cents due him as commission for making a sale of certain real estate for defendants. In the second, plaintiff alleges that as agent of defendants, and with their consent, he procured to be made an abstract of title to real estate owned by them, which he was employed to sell, and that therefor he obligated himself personally in the sum of forty dollars, which sum he will be required to pay. At the close of all the evidence, the plaintiff moved for an instructed verdict upon each count of his petition, and this motion was overruled. Thereupon the court on its own motion instructed a verdict as to each count of the petition in favor of the defendants. Judgment for costs was entered on the verdict, and plaintiff appeals.—*Affirmed.*

*Reed & Tuthill,* for appellant.

*Boies & Boies,* for appellees.

BISHOP, J.—Plaintiff is a real estate agent doing busi-
ness at Waterloo. Defendants were the owners jointly of a
tract of land consisting of forty-six and eighty-four hun-
dredths acres lying along the Cedar river and near the limits
of that city. In February, 1898, the defendant Jessie L.
Hogle, who resides in Oakland, Cal., acting for herself and
her co-owners, wrote plaintiff requesting him to try and sell
said tract of land at the cash price of fifty-four dollars per
acre and offering to pay a commission of 5 per cent. Plain-
tiff responded by a letter accepting the agency, and inquiring
among other things whether defendants had an abstract of
title or proposed to furnish one. Mrs. Hogle replied, saying
simply, " I see no necessity for sending an abstract until the
sale is made." In May, 1898, plaintiff wrote to Mrs. Hogle
saying, in substance, that the land was sold upon certain con-
ditions respecting the title and an abstract thereof; also as to
shrinkage in the acreage caused by the washing of the river.
To this Mrs. Hogle at once replied insisting upon there being
forty-six and eighty-four hundredths acres of land and
refusing to allow for any shrinkage. She says further that
if the customer desired to purchase " have the First
National Bank of Waterloo notify me when he has
deposited the amount in full for us and I will send the survey
and deed, also pay your five per cent commission." The
proposed customer, E. B. Smith, refused to make the pur-
chase at the time, and nothing further occurred until April,
1899, when plaintiff again met Smith and the latter agreed
to take the land at the price designated, an abstract of title
to be furnished. Thereupon plaintiff wrote Mrs. Hogle that
the land was sold, and requested that the abstract be sent at
once. With this letter he inclosed a printed form of deed,
the blanks left unfilled save that a description of the lands by
metes and bounds, typewritten upon a separate slip, was
pasted on the blank at the place where the description was
intended to be inserted. Further in the letter plaintiff ex-
plains that this was done by him to make certain that the

description — which is somewhat lengthy and involved —
shall correspond with a survey which he had procured to be
made.    He also requested that the blanks be filled and the
deed executed by all the co-owners, and that it then be re-
turned to him, or sent to the bank to be delivered on receipt
of the purchase price, less commission and cost of abstract.
Mrs. Hogle responded from Salt Lake City, sending on an
incomplete abstract, and saying that she had sent the deed to
her co-owners to be executed, and would forward the same as
soon as returned.    It seems that upon her receipt of the deed
she came on to Waterloo, bringing it with her. · Upon her ar-
rival she at once presented herself to the plaintiff and was
told by him to take the deed to the attorney of Smith who
was to pass upon it and check it up with the abstract, which
plaintiff in the meantime had procured to be extended to
date.    The attorney, upon examining the deed, and after a
consultation with his client, refused to approve of it for the
sole reason that the description of the land was upon a type-
written slip and pasted on the deed, instead of being written
in the blank space appropriate thereto.    At the time of such
examination Mrs. Hogle had not yet signed the deed, but,
thinking that a sale had been made, she offered to do so at
once, and no objection seems to have been made on that ac-
count.    The record leaves Mrs. Hogle in the office of the
attorney for Smith.    Plaintiff does not reappear until the
commencement of this action.

The facts as contained in the foregoing statement are
established by the record without substantial conflict, and
therefrom the rights of the parties must be determined.  First,
as to the matters alleged in the first count of the petition.
Without doubt, we must look to the correspondence for the
authority of plaintiff to act in the premises.    The subject
may be summed up by saying that the letter written in Feb-
ruary, 1898, authorized him to find a cash purchaser at fifty-
four dollars per acre.    The letter of May, 1898, made the
further condition that the purchase price in full should be de-

posited in the First National Bank when a deed would be sent on and the commission paid. These two letters constituted plaintiff's sole authority, and he must be presumed to have undertaken his employment thereunder. Now, it is apparent to us that in what followed there was not a compliance therewith. He did not present to defendants a customer, backed up by a deposit in the bank — that being the condition made by Mrs. Hogle, and to be complied with before she would send on a deed. He did not present to defendants a customer at all. He wrote Mrs. Hogle that he had a customer, and when she came to Waterloo for the purpose of making the transfer he simply bade her go to an attorney, who rejected the deed solely because of the method adopted by plaintiff in preparing the same. As far as disclosed by the record, the defendants and the proposed purchaser, Smith, have never met; and plaintiff and Mrs. Hogle did not meet again until they came together upon the trial of this action. That he may have recovery of his commission, a real estate agent must show that he has produced a customer able, ready, and willing to purchase upon the terms and conditions prescribed by his employer. *Corbel v. Beard,* 92 Iowa, 360; *Dent. v. Powell,* 93 Iowa, 711. The testimony of plaintiff falls far short of proving that this was done by him. It follows that the court did not err in directing a verdict as to the first count of the petition for defendants.

The verdict for defendants was properly directed as to the matter alleged in the second count of the petition, and this for the reason that it cannot be said from the record that plaintiff was ever given authority to contract on behalf of defendants the indebtedness incurred by him, the amount of which he now seeks to recover.

Our conclusion, drawn from the whole record, is that the judgment of the trial court was right, and it is AFFIRMED.