## BALL v. DOLAN.

A recovery on a quantum meruit for the benefit received by defendant from plaintiff's services is allowed on the theory that justice will be done between the parties if defendant is compelled to pay for the value of the services received less the loss sustained by him by the failure of plaintiff to complete his contract.

A real estate broker under contract to procure a purchaser is not entitled to commissions, unless he is successful, the risk of failure being his.

A real estate broker under contract to procure a purchaser stipulating for commissions on his procuring a purchaser willing and able to purchase at a price in excess of $8 per acre cannot recover commissions without procuring a purchaser willing and able to purchase at a price in excess of $8 per acre, and, though he was present when a sale was made not in excess of $8 per acre, he could not recover on a quantum meruit, where he offered no evidence that the owner received any benefit from his presence at the sale or by reason of his participation therein.

An owner employed a broker to procure a purchaser, and agreed to pay a commission on the purchaser procured paying more than a specified sum. A purchaser could not be induced to pay more than that sum. The owner with the knowledge of the broker made the sale at the highest price obtainable. There were no secret dealings between the owner and the purchaser, and the broker did not object to the sale. **Held,** that the broker was not entitled to a commission on the theory that there was a waiver on the part of the owner of the stipulation as to price.

Fuller, J., dissenting.

(Opinion filed, February 7, 1908.)

Appeal from Circuit Court, Brown County. Hon. J. H. Mc-Coy, Judge.

Action by Frank C. Ball against Charles R. Dolan. From a judgment for defendant plaintiff appeals. Affirmed.

*Hanten & Loucks,* for appellant.

Where the terms of sale are fixed by the vendor in accordance with which the broker undertakes to procure a purchaser yet, if, upon the procurement of the broker a purchaser comes with whom the vendor negotiates, and thereupon voluntary reduces the price of the property, or the quantity, or otherwise changes the terms of sale, as proposed to the broker, so that a sale is consumated, or terms or conditions are offered which the proposed buyer is ready and willing to accept, in either such cases the broker will be entitled to his commission. Stewart v. Mather, 32 Wis. 344; Ransom v. Weston, 68 N. W. 152; Welch v. Young, 79 N. W. 59; Heaton v. Edwards, 51 N. W. 544; Ratts v. Shepard, 14 Pac. 496; Huntsmer v. Arent, 16 S. D. 465; Baskerville v. Gaar Scott Co., 14 S. D. 1.

*L. W. Crofoot,* for respondent.

By the strict rule of the common law, if there was an express contract, none could be implied relative to the same subject, and if work was done under a special contract, recovery could be had for it only by an action on the contract; or at least where an action on the contract could be maintained and the compensation is due according to its provisions. 2 Sutherland on Damages, page 454. A defaulting plaintiff can in no case recover more than the contract price; and cannot recover that if his work is not reasonably worth it, or if by paying for it, the rest of the work will cost the defendant more than if the whole had been completed under the contract. The party in default can never gain by his default, and the other party can never be permitted to lose by it; and the price thus determined is the true amount recoverable on the quantum meruit. See also, Begole v. McKenzie, 26 Mich. 470; Chapman v. Dease, 34 Mich. 375; Gage v. Myers, 26 N. W. R. 522; Wilson v. Wagar, 26 Mich. 452. A broker is not entitled to recover his commissions for unsuccessful efforts. Sibbald v. Bethlehem Iron Co., 83 N. Y. 383.

CORSON, J. This is an appeal by the plaintiff from a judgment upon a directed verdict in favor of the defendant. The case was before us on a former appeal taken from a judgment in favor of the plaintiff, and is reported in 18 S. D. 558, 101 N. W. 719. The facts are so fully set out in the opinion on that appeal that a further statement of them does not seem to be necessary, except to say that after the remittitur was sent down to the circuit court the plaintiff on application was permitted to amend his complaint by making it an action for the value of his services instead of an action upon the special contract. At the close of the evidence the attorney for the defendant made the following motion: "We ask the court at this time to instruct the jury to return a verdict for the defendant upon the following grounds: First, that as the evidence now stands upon the undisputed testimony of the plaintiff and his witnesses the only agreement for the employment of the plaintiff for the sale of this land shows an express contract to sell these lands at $9 per acre in consideration of which Mr. Ball was to receive a commission of $1 per acre, and the undisputed evidence shows that Mr. Ball never produced a

purchaser who was ready, willing, and able to purchase said lands at the price of $9 per acre; second, because the undisputed evidence shows that the contract which was made between the parties in regard to the sale of the land on August 29th embracing nineteen (19) quarter sections of land was at the price of $7.84 per acre, and the final agreement consumated for the sixteen quarter sections of land was at the price of $8 per acre; third, for the reason that as the undisputed evidence showing that the only contract is an express contract which has not been performed by the plaintiff there can be no recovery upon the quantum meruit for the reason that there is no evidence to justify any findings that the services of plaintiff resulted in any benefit to the defendant"— which was granted by the court, and subsequently a motion for a new trial was made and denied.

It is contended by the appellant (1) that the plaintiff was defendant's agent; (2) that the plaintiff found a purchaser for all the land; (3) that the plaintiff assisted in making the sale of the land which was made by the defendant to the purchaser; * * * (6) that the defendant took the matter of sale of the lands into his own hands, fixed the price per acre, and sold the land at prices acceptable to him; (7) that the prices of the lands purchased and agreed to be purchased were fixed by the defendant exclusively; (8) that the prices were changed, and that the defendant failed to deed or transfer the 20 quarter sections to the purchaser whom the plaintiff procured; (9) that all of these dealings were had in the presence of said plaintiff, and that plaintiff assisted in making the said deals; that the said agency was at no time terminated, and that negotiations for the sale of the said lands were not carried on by the said defendant without the aid of said plaintiff; and the plaintiff therefore claims that, notwithstanding his failure to comply with the terms of the written contract, he was entitled to recover in this action for the value of his services so rendered, and that such services were of the value of $1 per acre. Assumming for the purpose of this decision that the evidence sustained the foregoing contention of counsel for plaintiff, we are unable to discover any theory upon which the plaintiff would be entitled to a verdict in this action. While it may be conceded

that the plaintiff was present when the contract was entered into by the defendant for the sale of the land and assisted the defendant in making such sales, the fact clearly appears from the evidence that such sales were made for a price not in excess of $8 per acre, and plaintiff offered no evidence proving or tending to prove that the defendant received any benefit from his presence at the sale or by reason of his participation therein. While it is true that in a certain class of cases parties have been allowed to recover on quantum meruit where the defendant has received a benefit from plaintiff's services, and therefore in equity required to recompense plaintiff for such service, that principle has no application to the case at bar. Such recovery is allowed upon the theory that justice is done between the parties if the defendant is compelled to pay for the value of the service received less the loss sustained by him by the failure of the plaintiff to complete his contract.

In discussing this subject, Mr. Sutherland, in his work on Damages, says: "The requirement to fullfill the precedent condition to do the entire work for which an entire sum is promised to be paid results as a logical conclusion from such a contract. It is thus derived from the supposed intention of the parties because they are held to mean what the contract, thus expounded, requires. What is done short of full performance being referable exclusively to the contract, there is no operative promise to pay for it. The express promise excluding any other, and not itself available until all the work is done. There is no defect in the logic of this rule; and it may be said that, as it never applies except to carry out the intention of the parties, it is not to the rigor of the law, but to the improvidence of the contract, that any hardship of individual cases must be ascribed. * * * Formerly this logic was law, invariably enforced. The intention of the parties, deduced from a construction of their contract, was the iron rule and law of the contract, not dispensable, or subject to any legal evasion or mitigation. 2 Sutherland on Damages, p. 456. But that learned author on page 466 says: "Where a party fails to comply substantially with an agreement, unless it is apportionable, the rule is well settled that he cannot sue upon the agreement or recover upon it at all, and under the strict common law he was remediless. But

the doctrine has now grown up based upon equitable principles, that, where anything has been done from which the other party has received substantial benefits, a recovery may be had upon a quantum meruit, based on that benefit." The law, however, as applicable to real estate brokers is stated by the Court of Appeals of New York in Sibbald v. Bethlehem & Company, 83 N. Y. 383, 38 Am. Rep. 441, as follows: "It follows as a necessary deduction from the established rule that a broker is never entitled to recover his commissions for unsuccessful efforts. The risk of failure is wholly his. The reward only comes with his success. That is the plain contract and contemplation of the parties. The broker may devote his time and labor and expend his money with ever so much of devotion to the interests of his employer, and yet, if he fails, if without effecting an agreement or accomplishing a bargain he abandons the effort, or his authority is fairly and in good faith terminated, he gains no right to commissions, he loses the labor and effort which he has staked upon success."

In the late case of Ames v. Lamont, 107 Wis. 531, 83 N. W. 780, the Supreme Court of Wisconsin, in discussing an analogous question to the one at bar says: "Appellants, however, seek to avoid the rule of McArthur v. Slauson, 53 Wis, 41, 9 N. W. 784, by abandoning the express contract and suing upon an implied contract to pay the reasonable value of their services in finding a purchaser. They invoke the elementary rule that he who knowingly avails himself of the benefits of another's services is presumed by law to have intended to pay for them their reasonable value, and a promise to do so is implied. The rule is, however, restricted by limitations as elementary as itself, such as that the services must have been rendered and received under circumstances to warrant the inference and expectation of payment. If there is an express agreement to which such services may be ascribed, the expectation is presumptively according to the terms expressed. In the case before us the plaintiff's services were obviously rendered on the faith of the express promise to pay therefor only the excess obtained over $10,000. This fact wholly excludes any inference or implication of a different understanding by them or promise by the defendant. In the presence of the express, there is no room

for an implied, promise. Tietz v. Tietz, 90 Wis. 66, 62 N. W.
939."

It was claimed by the plaintiff, and in our former decision
we assumed for the purpose of that decision, that an additional
verbal contract was made between the plaintiff and the defendant by
which the defendant agreed to pay the plaintiff $1 per acre in case
the sale was made, and for the purpose of the decision in this case
we may make the same assumption; but that additional verbal con-
tract did not vary or change the terms of the original contract
except as to the commission, and therefore, to entitle the plaintiff
to recover under that contract, it was necessary for him to show
that he had found a purchaser ready, able, and willing to take the
land at a price in excess of $8 per acre.

It is further contended by the respondent that by a fair con-
struction of the contract entered into between the plaintiff and the
defendant it constituted an option contract under. which
the plaintiff was entitled to an excess of $8 per acre
that he might obtain for the land, and had he desired to do
so he could have taken the property himself at $8 per acre. There
is much merit in this contention. The contract between the parties
reads as follows: "Verdon, S. D., Aug. 1st, 1901. Frank C.
Ball: I have the following lands for sale, namely, 11 quarters
in Brown county, S. D., 7 quarters in Spink county, S. D.
2 quarters in Clark county, South Dakota, which I will sell at
$9.00 per acre, provided all are purchased at one time.
I will protect you on any purchase you may send me with-
in 30 days from date. C. R. Dolan." In contracts of this character
the rule seems to be quite well settled that, unless the broker se-
cures a purchaser ready, able, and willing to purchase the property
at a price in excess of the amount specified in the contract, he is not
entitled for any commission for his services either under the con-
tract or in an action on quantum meruit. McArthur v. Slauson, 53
Wis. 41, 9 N. W. 784; Beatty v. Russell, 41 Neb. 321, 59 N. W.
919; Hurd v. Nelson, 100 Iowa, 555, 69 N. W. 867; Antisdel v.
Canfield, 119 Mich. 229, 77 N. W. 944. In Beatty v. Russell, su-
pra, the owner placed his land with brokers for sale, stating that

the price was $5,000, but that they might sell it so that it would net him $4,800 after their commissions were paid. The brokers called atttention of a customer to this land, stating that it could be bought for $4,800, and then introducing him to the owner. The owner sold the land to this person at $4,800, and the brokers brought action upon an implied contract for the value of their services, but were not allowed to recover, the court saying: "We think this testimony establishes the contract made at the time when Russell gave authority to sell the land was that it was to net him $4,800, and the agents were to have any sum in excess of $4,800 as a commsision. And this view of the case destroys any claim of the agent to a commission for the price which Beatty named as the consideration when talking to the purchaser." In Antidel v. Canfield, supra, the defendant had agreed to pay the plaintiff as broker the sum of $20,000 if he could make a sale of certain property for $1,200,000 on or before January, 1896. Failing to find the purchaser ready and willing to take the property within the time, a subsequent agreement was entered into by which it was agreed that he should receive the $20,000 if he could make the sale so as to net the defendant $1,200,000 within a certain limited time, and the sale was made for $1,200,000, but $950,000 was not to be paid until the end of the year without interest, and the interest and taxes would amount to upward of $50,000. The court in its opinion in discussing the case says: "The testimony offered by the plaintiff shows that one of the conditions of the alleged agreement of August, 1895, by which Mr. Antisdel was to have $20,000 in commissions was that he should furnish a customer on or before January 1, 1896. This he did not do. One of the conditions of the alleged agreement of January, 1896, was that he should make a sale which should net Mr. Canfield $1,200,000. This he did not do. In whatever phase the case is considered, it showed an entire failure on the part of Mr. Antisdel to find a purchaser within the terms of his employment. The judge should have directed a verdict in favor of the defendant. Chandler v. Sutton, 5 Daly (N. Y.) 112; Wylie v. Bank, 61 N. Y. 415; Sibbald v. Iron Co., 83 N. Y. 378, 38 Am. Rep. 441; Babcock v. Merritt, 1 Colo. App. 84, 27 Pac. 882; Thuner v. Kanter, 102 Mich. 50,

60 N. W. 299; Douville v. Comstock, 110 Mich. 693, 69 N. W. 79. It is not necessary to discuss the other assignments of error. The judgment will be reversed; and as, from Mr. Antisdel's own showing, he is not entitled to recover, no new trial will be directed. The other justices concurred." In most of the cases cited by appellant where a broker employed to find a purchaser at a specified price has been allowed his commission the facts will disclose either that the owner dealt directly with the purchaser for the purpose of avoiding payment of the commission, or that such dealings were without the broker's consent, and in effect operative to deprive him of his commission. Huntemer v. Arent, 16 S. D. 465, 93 N. W. 653; Welch v. Young, 79 N. W. 59; Wood v. Wells, 103 Mich. 320, 61 N. W. 505; Corbel v. Beard, 92 Iowa, 360, 60 N. W. 636.

The contention of the plaintiff that there was a waiver on the part of the defendant is untenable. This claim is based upon the theory that, although the purchaser could not be induced to pay more than $8 per acre, the fact that the defendant openly, with the knowledge of the plaintiff and without objection by him, made the sale at the highest price obtainable, did not constitute a waiver, as it is not claimed that the purchaser would have paid more than $8 per acre, and there was therefore nothing to waive. In the case of McArthur v. Slauson, 53 Wis. 41, 9 N. W. 784, the Supreme Court of Wisconsin in speaking of waiver uses the following language: "But here the defendant claims that there was a special contract by which the plaintiff undertook to furnish him a purchaser who would be willing to pay the full amount due on his securities, for which service he was to receive $500. If this was the contract, it was incumbent upon the plaintiff to produce such a purchaser, or he was not entitled to recover the stipulated compensation. If the plaintiff produced such a purchaser, and the defendant, knowing that fact went and made a sale at a less price, this, doubtless, would amount to a waiver."

It is not claimed by the plaintiff that in the case at bar there were any secret dealings between the defendant and the purchaser in order to avoid paying him his compensation, and there was nothing upon which to claim any fraudulent conduct as against him.

The deal had been pending for some weeks, and the time limit had so far expired that the plaintiff would not have time to undertake to find another purchaser. He did not object to the sale being made for the price agreed upon between the defendant and the purchaser. He did not ask for further time, nor try to make any arrangements for compensation for what he had done. He knew from the terms of his contract that he was obliged to realize at least $8 per acre to the owner in order to earn any part of his commission, and the price which the purchaser would pay was so low that nothing was left as commission for him. A review of the authority cited by appellant would extend this opinion to too great length, and it will be sufficient to say that in the case cited of Huntemer v. Arent, supra, decided by this court, it was held that there was a subsequent modification of the terms of payment, and in the case of Baskerville v. Garr Scott Company, 14 S. D. 1, 84 N. W. 204, it was held that there were secret dealings between the owner and purchaser constituting fraud upon the broker's right under his contract which deprived him of the benefit of his contract.

Under no view of the case, therefore, was the plaintiff entitled to recover in this action, and the judgment of the court and order denying a new trial are affirmed.

FULLER, J., dissents.