G. W. KRAMER v. VAUGHAN LAND COMPANY, ET AL.,
Appellants.

**Brokers:** RECOVERY OF COMMISSION: EVIDENCE. In this action to recover commission for the sale of land the evidence is held insufficient to show that plaintiff made the sale or produced a purchaser, and he is not entitled to recover.

*Appeal from Story District Court.*—HON. C. G. LEE,
Judge.

THURSDAY, JUNE 16, 1910.

SUIT to recover a commission for the sale of land.

Trial to the court, and judgment for the plaintiff. The defendants appeal.—*Reversed.*

*Mears & Lovejoy,* for appellants.

*Roy F. Hall* and *Bert B. Welty,* for appellee.

SHERWIN, J.—A written contract between the plaintiff and the Vaughan Land Company made the plaintiff the agent of said company in Story County for the sale of lands in Texas. The contract provided that the lands were to be sold upon the terms and conditions fixed by the land company, and that he should have commissions on all sales made by him to parties residing in Story County which were ultimately accepted by the company. The contract was not an exclusive one for Story County, but it gave the plaintiff power to appoint subagents in several towns in the county, among which was Colo. The contract required the plaintiff to report promptly all prospects. The land company also undertook to furnish help, if desired.

Soon after the contract was made, the plaintiff secured as an assistant one Atkinson, who introduced him to James Byers, of Colo, as a prospective purchaser of some of the Texas lands. Shortly thereafter the plaintiff and W. S. Kimble, another agent of the defendant, visited Mr. Byers at his home in Colo. The plaintiff and Kimble talked Texas land to Byers, and tried to induce him to go there on the next regular trip for the purpose of purchasing some of the land. A few days after this meeting of the plaintiff, Kimble, and Byers, at Colo, Byers became the agent of another land company that was also handling Texas land. On the 11th of September, a few days still later, Kimble and Gray, still another of the defendant's agents, went to see Byers about his going to Texas, and found that he had become interested with the other land company, and had promised to see his cousin, Sam Miller,

about becoming one of its prospective purchasers. At this time Byers · refused to go to Miller's with Kimble and Gray, because of his promise to the other land company. On the 14th day of September Kimble and Gray again called on Byers at his home in Colo, and induced him to go with them to Miller's home at Maxwell. When they got there, Byers introduced them to Miller. Kimble and Gray presented their land proposition to Miller without any aid whatever from Byers, and Miller at once stated that he would go to look at the land only on the condition that, if he selected any, the land company would have to take a building owned by him in exchange therefor. This was agreed to by the company, and on the next day Kimble, Gray, Byers, and Miller started for Texas. While there, Byers selected a tract of land for himself, and Miller selected one. Later Byers concluded not to buy, and Miller took the tract that Byers had selected, paying therefor with the building above referred to. The plaintiff never saw Miller, but claims that he had appointed Byers his sub-agent, and that Byers produced Miller as a purchaser.

There is but little evidence supporting the claim that Byers was ever appointed a subagent of the plaintiff; but, if it be conceded that he was, there is no evidence that Byers ever produced Miller as a prospective purchaser even. He never said a word to Miller about buying land of the defendant. He never disclosed his alleged agency to anyone, and refused to visit Miller with Gray and Kimble on the 11th of September, because he was the agent of the other company. He did not initiate the visit to Miller on the 14th day of September. He went there with Kimble and Gray on their solicitation, and while there he simply introduced them to Miller. Miller was induced to make the trip to Texas by Kimble and Gray, notwithstanding the fact that Byers cautioned him against being too easily influenced by them. Furthermore, during the entire trip, Byers never said a word to Miller in favor of buying land of the

defendant. His attitude during the entire time was that of an investigator for himself, without any purpose of inducing Miller to become a purchaser.

This action is based upon a specific written contract that provides for commissions in case of sales only, and from a legal standpoint the plaintiff would be entitled to nothing, even if he had produced Miller. *Hurd v. Neilson,* 100 Iowa, 555; *Jones v. Buck,* 147 Iowa, 494. But no legal distinction is involved in this case, because Byers never did anything that can be distorted into a production of Miller as a customer of the defendant.

The plaintiff's contract did not give him the exclusive right in Story County; hence he can claim nothing because the land was sold to Miller by another.

The defendant was entitled to a judgment at the close of the evidence. The judgment must therefore be *reversed.*