CLARK, Respondent, v. LANAM et ux., Appellants.

(139 N. W. 770.)

**Broker—Land Sale—Compensation—Sufficiency of Evidence.**

In an action for commission for procuring sale of defendant's land, held, the evidence is insufficient to show that plaintiff procured a purchaser at any sum above defendant's net price, and there is no evidence to sustain the verdict.

(Opinion filed February 10, 1913.)

· Appeal from Circuit Court, Sanborn County. Hon. FRANK B. SMITH, Judge.

Action by· C. .H. ·Clark against T. J. Lanam and .wife, to recover .a commission on an alleged land sale. From a judgment for plaintiff and an order denying a new trial, defendants appeal., Reversed and remanded ·for new trial.

*J. E. Whiting*, for·Appellants. · · · ·

It is not ·claimed by Clark that he had any exclusive right to sell the land. His testimony no where ·says that ·his alleged listing was· an exclusive ·one. ·From· a careful examination of the· testimony of Clark it is apparent that there was no listing at all that would in any way identify the tract sold ·with the alleged listing.

The 18th assignment of error is that the evidence ·is not ·sufficient ·to ·support any judgment against the defendant, T. J. Lanam. In support of this we call attention to the fact that the evidence is undisputed that the land was owned ·by Olovey A. Lanam, and that there is no evidence in this record that T. J. Lanam ever agreed ·to pay any commission. The testimony of ·Clark nowhere shows or pretends to show any contract whereby T. J. Lanam was to pay any commission to Clark. .           ·

That there is no competent evidence to support this verdict against the ·defendant. Olovey A. Lanam. The testimony shows clearly that if Clark ever had anything to do with selling this land he never brought ·that knowledge home· to the defendant, Olovey A. Lanam until after the sale was made by her to the purchaser, Linderman. The undisputed evidence is that Clark did not call her attention ·to the fact that he had secured a purchaser, and it is also undisputed that she had no knowledge that Clark had anything whatever to do with the selling the land.

A new trial should have been granted by the trial court in this case for the reasons already discussed in this brief. The verdict and judgment in this action are not sustained by the evidence, as we have already shown. The overruling of the defendant's motion for· a new trial, to which the defendant duly excepted (page 103 of record), was a reversible error.           · ·

*L. L. Lawson*, for Respondent.

·The Defendants contend that there was no listing of the land, and in this connection we have the testimony of the ·plaintiff as set out in his direct examination ·(pages 1 to 4 of the record) and the

testimony of the defendants, Olovey A. Lanam and T. J. Lanam, contradicting the testimony of the plaintiff. This was submitted to the jury and in accordance with the court's instructions to the jury, the jury found that the testimony of the plaintiff was correct and that there was a listing of the land.

After the land was listed the testimony of Mr. Clark shows that one William Linderman came to the office of the plaintiff in Letcher, South Dakota, and the plaintiff took the said Lindermann and showed him the land belonging to the defendants and gave to the said Linderman the price on the land and that within a day or two the plaintiff went to the defendant, T. J. Lanam and told said Lanam that he had found a buyer for his land, and that the plaintiff pointed out the said Linderman to the defendant Lanam, and it appears from the testimony of William Linderman that the defendant, T. J. Lanam, went to and introduced himself to the said Linderman and told Linderman that if he bought the land from him, Lanam, that it would be $25.00 per acre, but that if he bought it from Clark, the plaintiff, he would have to pay $26.00 per acre, and it also appears from the testimony of Linderman that Clark had showed him, Linderman, the land in question, that Clark had first pointed out the land to him and given him the price on the land and the testimony of said Linderman also shows that it was through Clark's efforts that he purchased the land from Lanam and that he told Lanam that Clark had showed him the land, and that Laman went to and introduced himself to Clark.

The testimony of Clark shows that after Lanam had sold the land to Linderman he Clark, had a conversation and informed Lanam that Linderman was his buyer and that he, Clark, expected a commission on the sale of the land, and that before the deal between the Lanams and Linderman had been consumated, the plaintiff informed both of the defendants that the said Linderman was his man and that he, Clark, expected a commission for the sale of the land.

The testimony of Linderman absolutely shows that he talked with Clark, that Lanam told Linderman that they would fix the commission proposition and Linderman, the man who bought the land, absolutely testifies that he bought it through Clark.

SMITH, J. Appeal from the circuit court of Sanborn county. The complaint alleged that the plaintiff entered into a contract with

defendants, whereby they listed a certain quarter section of land with plaintiff at a selling price of $26 per acre, contracting and agreeing with plaintiff that, if he should find a buyer for or sell said land at $26 per acre, defendants would pay plaintiff as commission the sum of $1 per acre; that about the 15th of April, 1907, plaintiff obtained one William Linderman as a prospective buyer, and showed him the land and quoted him the price of $26 per acre; that thereafter the defendants dealing directly with Linderman sold him the land, and thereby became and are indebted to plaintiff in the sum of $160 for commissions.

The answer is a general denial, a specific denial that plaintiff sold the land to Linderman, and a further specific denial that the land was ever listed with plaintiff for sale. Verdict and judgment against both defendants for the full amount claimed. Motion for a new trial was denied, and defendants appeal from the judgment and the order denying a new trial.

Some 21 errors are assigned in the record, only 3 of which we deem it necessary to consider. The nineteenth, twentieth, and twenty-first assignments are, in substance, that the evidence is insufficient to justify the verdict of the jury, or to support the judgment against either of said defendants, for the reason that there is no evidence in the record to show that plaintiff ever procured a purchaser for the land. At the trial, plaintiff testified, in substance, that about the 21st of February, 1907, he had a conversation with Mr. and Mrs. Lanam in which they desired to know if he could find a buyer for their land to which he replied he would try to sell it for them; that they told him the price was $25 an acre net to them, or $26 an acre if he should sell it, in which event he was to receive $1 an acre as commissions; that in the conversation with them they urged him to make an effort to sell it for them; that along in April, 1907, he met one Mr. Linderman at his office, and had a conversation with him about the land. Upon objection, plaintiff was not allowed to state this conversation, but, over objection, was permitted to state that he went to see Mr. Lanam, one of the defendants, and told him he had found a man who wanted to buy the land, and would give $25 an acre for it, and Lanam wanted to know if plaintiff wanted any commission, to which he replied that he did, and Lanam then said the purchaser would have

to pay $26 an acre for the land. Plaintiff further testified that he took Linderman out to see the land, told him it was the cheapest land on the market, and did everything he could to get him to buy it; that this occurred before the conversation with Lanam. Plaintiff further testified that he told Lanam Linderman would give $25 an acre for the land, $1,000 down and the rest of it next March, and give him the use of it that year. Plaintiff was then permitted to testify that Linderman had purchased the land, but, upon objection, was not permitted to state from whom Linderman bought it. He further testified that he had never been paid any commission for the sale of the land. It is conceded that the Lanams sold the land to Linderman at $25 an acre.

The record fails to show that Linderman ever offered, or was willing to pay $26 an acre for the land. The record does show that plaintiff told the Lanams they should demand $26 an acre for the land from Linderman; but it is clear that the Lanams did not at any time agree to pay a commission of $1 an acre on a selling price of $25 per acre, nor is it claimed that the Lanams received anything in excess of $25 per acre, the net price at which the land was listed with plaintiff. Had the defendant sold the land to Linderman at $26 per acre, or any price in excess of $25 per acre, it is perfectly clear plaintiff would have been entitled to a commission. It is not claimed that defendants gave plaintiff the exclusive sale of the land nor is there any claim that they could have obtained a price in excess of $25 an acre from Linderman. Under these facts, it is apparent that plaintiff never furnished a purchaser for the land, ready, able, and willing to take the same at a price which would have entitled plaintiff to any commission whatever on the sale, nor have defendants received any sum greater than the net price at which the land was listed. The case falls clearly within the facts and the principles involved in Ball v. Dolan, 21 S. D. 619, 114 N. W. 998, 15 L. R. A. (N. S.) 272. There was an absolute want of evidence to sustain the verdict.

The order and judgment of the trial court are reversed, and the cause remanded for a new trial.